(54 App. Div. 498.)

### PEOPLE v. RAGONE.

(Supreme Court, Appellate Division, First Department. November 23, 1900.)

ABDUCTION—CORROBORATING EVIDENCE.

Pen. Code, § 283, forbids conviction of abduction on the unsupported testimony of the woman. Pen. Code, § 19, provides that, whenever it becomes necessary to determine the age of a child, she may be produced for personal inspection, to determine the age thereby. *Held*, that where the age of the woman was in issue, and the only corroborating evidence of the testimony of the woman as to her age was her appearance, and the certificate of her birth, made by authorities in Italy, was in the keeping of a witness for the prosecution, but was not produced, and on the trial the woman was not dressed in her usual manner, it was error to refuse to instruct that the jury should consider the absence of the certificate, and the change in the dress of the woman, in determining the sufficiency of the corroboration.

Appeal from trial term, New York county.

Giovanni Ragone was convicted of abduction, and from the judgment he appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

John Palmieri, for appellant.

Charles E. Le Barbier, for the People.

RUMSEY, J. The defendant was convicted of the crime of abduction, as defined in subdivision 1 of section 282 of the Penal Code. The evidence to establish his guilt was ample and satisfactory, except as to the fact that the age of the woman abducted was under 18 years, which is an essential element of the crime. The only parol evidence given on that point was that of the woman herself. That evidence, taken in connection with her statements upon cross-examination, was not by any means satisfactory; and the jury would have been warranted in refusing to credit it, if they had seen fit

to do so. Section 283 of the Penal Code provides that no conviction for abduction can be had upon the testimony of the female abducted, unsupported by other evidence. The only thing presented to the jury to support the testimony of the woman herself was her appearance upon the stand, which they were at liberty to consider in determining whether she was under the age of consent. Pen. Code, § 19; People v. Justices of the Court of Special Sessions of New York Co., 10 Hun, 224. The appearance of the woman might have furnished sufficient support to her evidence to satisfy the requirements of the Code, and the jury were so instructed upon the trial; but it appeared that the certificate of her birth made by the authorities in Italy had been brought to this country, and was in the keeping of a woman with whom the complainant had lived after the death of her mother. That woman was a witness upon the trial, but she was asked nothing as to the age of the complainant; nor was the certificate of birth produced, nor were any questions asked her about it. It appeared, also, that at the time of the trial the complainant was not dressed in her usual manner, and that her hair was done up on the top of her head. The court was asked to charge the jury, substantially, that in considering the age of the girl the jury had the right not only to consider her appearance on the stand, and the manner in which she was dressed by the society, but also the absence of the documents of age which had been testified to by her as being in the possession of the woman who had taken the stand in corroboration of her testimony. This the court refused to charge, and this refusal, we think, was error. While the jury were bound to consider her appearance on the stand upon the question of age, and might refer to it for the purpose of supporting her testimony, yet in doing so they were also bound to take into consideration the fact, which was apparent to them, that as to her hair and clothing her appearance was not usual, but some change had been made in it. So they might give some weight to the fact that the certificate of birth, in which the precise time of her birth was stated, might have been presented to them by the district attorney, and that he had not done so. Where the matter of the age was so important, and evidence bearing upon it might have been presented to the jury, the defendant was entitled to have all the testimony—not only that against him, but that in his favor—presented to the jury, and considered by them, before he was convicted. Because of this failure to permit the jury to take this matter into consideration, we are obliged to reverse this judgment and order a new trial. All concur.