PEOPLE v. DICKERSON.

(Supreme Court, Appellate Division, First Department. February 15, 1901.)

1. CRIMINAL LAW—RAPE—AGE OF PROSECUTRIX.
    Where the testimony as to the age of complainant in a prosecution for rape was uncertain, and her mother admitted that she had testified differently on the preliminary hearing, but explained such fact by saying that she had since obtained a certificate of her daughter's birth, and a certificate was exhibited to her while she was testifying, such certificate should have been placed in evidence.

2. SAME—APPEARANCE OF WITNESS.
    Where the age of the prosecuting witness on a trial for rape was in question, the jury should have been instructed that they might consider the appearance of the witness in determining the question.

3. SAME—TRIAL—INSTRUCTIONS.

Where the mother of the prosecuting witness on a trial for rape testified to the age of the witness, admitting that she had testified differently on preliminary hearing, but explained that she had since obtained a certificate of her daughter's birth, it was error for the court to instruct that, "You have the direct testimony of her mother. * * * A mother surely knows, of her own knowledge, the age of her child,"—since the evidence showed that the mother did not know the age without the certificate.

4. SAME—INSTRUCTIONS—EVIDENCE.

In prosecution for rape the mother of the witness testified that her daughter was born in 1882. Before the police court she had sworn that it was in 1883, in explanation of which she said that she had since obtained a certificate of her birth. The court instructed the jury that, had she taken no measures to correct her testimony, but had testified without informing herself as to the accuracy of her recollection, it would be a circumstance to be considered as affecting her credibility. *Held*, that this was error, since such testimony was to be so considered, though the witness had informed herself.

Van Brunt, P. J., and Rumsey, J., dissenting.

Appeal from court of general sessions, New York county.

Malcolm Dickerson was convicted of rape, and appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Maurice Meyer, for appellant.

Charles E. Le Barbier, for the People.

McLAUGHLIN, J. The defendant was convicted of the crime of rape in the second degree, under subdivision 5 of section 278 of the Penal Code, and sentenced to be imprisoned in "the state's prison at hard labor for the term of seven years and six months," and from this judgment he has appealed.

At the trial the only question which was seriously contested was whether the complaining witness, Norah Saville, at the time when the defendant was alleged to have committed the crime of which he was convicted, was under the age of 18 years. If the testimony introduced justified the jury in finding that fact, and no error was committed by the trial court, then the judgment of conviction must be affirmed, because there is an abundance of evidence to establish the other necessary elements of the crime. The crime is alleged to have been committed on the 9th of March, 1899. The defendant was arrested, and a preliminary hearing had before a police magistrate on the 13th of March, 1899, and the trial had on the 16th of May, 1899. These dates are important, and should be kept in mind. The people, to establish the age of the complainant, produced two witnesses,— the complainant herself, and her mother, Margaret Reisbeck. The complainant, referring to the time the crime was alleged to have been committed, testified as follows: "Q. How old were you at that time? A. I was sixteen. Q. When were you sixteen? A. I was sixteen on the 16th of March. Q. 1898? A. 1898; yes. Q. The 17th? A. Yes." She admitted that she testified before the police magistrate on the 13th of March that she was only 15 years of age; that she so testified because her mother told her she was only 15, but

that since that time she had ascertained she was in fact 16; that she knew this was her correct age, because—to use her own words—"I got my certificate." She also admitted that she had many times stated to her cousin, Emily Mills, that she was 18 years of age, and that when she made such statements she believed them to be true, because —to again use her own words—"my aunt had a girl about the same age, and my aunt said that I was eighteen." It is perfectly obvious that the witness did not know how old she was, and that when she testified that she was 16 on the 16th or 17th of March, 1898, she did so relying either upon what her mother had told her, or else upon the certificate to which she referred. It is equally obvious that the jury could not have obtained from her testimony, taking it all together, any correct information as to her age. The finding, therefore, that the complainant was under the age of 18 years on the 9th of March, 1899, must be sustained, if at all, upon the testimony of Margaret Reisbeck alone. She testified that the complainant was her daughter; that she was born in Liscard, Eng., on the 16th of March, 1882. She also admitted that she testified before the police magistrate on the 13th of March that the complainant was born on the 16th of March, 1883, and in answer to an inquiry as to why she changed the date of birth of the complainant she stated that she was mistaken in what she had testified to before the police magistrate; that, after she gave that testimony, she sent to and obtained from England a certificate of the birth of the complainant, from which she recognized her mistake. The certificate to which she referred was produced, and exhibited to her while she was testifying. It was not, however, shown to defendant's counsel, nor was it introduced in evidence, and the record before us is silent as to what it contained, by whom it was signed, whether by an individual or an official, or whether it was authenticated in any way whatever. We have, therefore, to sustain this conviction, the testimony of one witness, unsupported and uncorroborated by other evidence. Not only this, but the testimony of a witness who two months before testified that the complainant was born on the 16th of March, 1883, instead of the 16th of March, 1882, and when she gave that testimony either did not know the age of the girl, or else falsely stated the date of the birth; a witness who stated that she made a mistake when she gave the date of birth as March 16, 1883, because subsequent thereto she had obtained a certificate of birth of the girl, and from or by reason of which she was enabled to state the correct date. It is apparent, therefore, that the jury might have found that at the time of the trial she had no knowledge as to the correct age of the complainant, except such as was derived from the certificate to which she referred. The crime is a serious one, and the statute expressly provides that a conviction for the commission of it cannot be had upon the testimony of the complaining witness unsupported by other evidence. Pen. Code, § 283. And, while there is nothing in the statute to prevent a conviction upon the unsupported testimony of one witness other than the complainant, we are, however, of the opinion that a conviction under such circumstances ought not to be had unless the testimony of that witness is highly satisfactory, which cannot be said of the testimony

718

of the witness Reisbeck. And while we do not care to rest our judgment of reversal upon this alone, it is adverted to to show how slight the evidence is (as to age) upon which this conviction was obtained. Considering the fact that the witness Reisbeck must have based her testimony as to age largely upon the information derived by her from the certificate of birth, which she had in her possession at the time of the trial, we think the people should have introduced the certificate in evidence. People v. Ragone, 54 App. Div. 498, 67 N. Y. Supp. 23. In the Ragone Case it appeared that a witness at the time of the trial had in her possession a certificate as to the birth of the complainant. The certificate was not introduced in evidence, and Mr. Justice Rumsey, delivering the opinion of the court, referring to that fact, said: "That the certificate of birth, in which the precise time of her birth was stated, might have been presented to them by the district attorney, and that he had not done so. Where the matter of age was so important, evidence bearing upon it might have been presented to the jury. The defendant was entitled to have all the testimony—not only that against him, but that in his favor—presented to the jury, and considered by them, before he was convicted." We there reversed the judgment of conviction because the trial court, among other things, refused to charge that the jury might take into consideration, as bearing upon the question of age, the absence of the certificate of birth. In the case now before us the jury's attention was not called to the fact that they had a right to consider the appearance of the complaining witness in determining her age, nor that they had a right to consider, as bearing upon that question, the nonproduction of the certificate of birth. We think both of these facts should have been called to their attention.

Finally, we think the judgment of conviction must be reversed for errors in the charge. The trial court, referring to the question of age, said:

"As to this one question which is before you,—the age of the girl at the time of the perpetration of this act,—you have the direct testimony of her mother. * * * A mother surely knows, of her own knowledge, the age of her child. The mother in this case testifies that her daughter was born in 1882. It appears that in the police court she swore that the girl was born in 1883. * * * When asked to explain this difference, she was allowed to explain that she had sent for and had received a certificate, which led her to remember that her daughter was born in 1882, and not in 1883. * * * Had she left her testimony as it was before the police court, and taken no measures to correct it, and had she come here and sworn to the same thing, without having taken pains and informed herself as to the accuracy of her recollection, it would be a proper circumstance for you to consider, in coming to a conclusion, how far this difference between her testimony there and her testimony here affects her credibility as to a fact supposed to be absolutely within her knowledge."

This was error. That this witness knew, of her own knowledge, the age of her child,—the complainant,—is not supported by the evidence; and, except for this instruction, the jury might have found that she did not know the age of the complainant, and that the only accurate knowledge she had on that subject was derived from the certificate, which some one had sent to her. This is apparent from the fact that she did not know the age when she testified before the

police magistrate, and that she admitted that she changed the date of birth from information contained in the certificate. Nor was the statement to the effect that, if this witness had not taken measures to correct the testimony she gave before the police magistrate, the jury might consider the difference between the testimony that she gave there and the testimony she gave on this trial as bearing upon her credibility, a correct statement of the law. This was equivalent to saying that, having taken measures to correct it by obtaining the certificate of birth, the jury could not consider the difference in testimony given before the police magistrate and on this trial as bearing upon her credibility. The jury not only had a right, but it was their duty, to consider it. They were bound to consider all of the testimony in the case for the purpose of determining the credibility of the witnesses, in order that they might ultimately correctly determine the guilt or innocence of the accused.

We are of opinion that justice requires that there should be a new trial. The judgment of conviction, therefore, is reversed, and a new trial ordered.

O'BRIEN and HATCH, JJ., concur. VAN BRUNT, P. J., and RUMSEY, J., dissent.

VAN BRUNT, P. J. (dissenting). It seems to me that this conviction should be affirmed. The difference in age testified to by the mother was entirely immaterial. There were no exceptions which raised any questions in respect to the same, and the certificate had been only used for the purpose of refreshing recollection, and could not be competent evidence. It seems to me that the reversal in this case is based upon the heavy sentence which was imposed, and not upon the error contained in the record.