## CONNECTICUT MUTUAL LIFE INSURANCE COMPANY *v.* SCHWENK.

1. Where it is not a condition of a policy of life insurance that a statement of the age of the insured should accompany the proofs of his death, the party for whose benefit the insurance was effected, although no previous notice was given to the insurers that such evidence would be offered, is not estopped from proving at the trial of a suit on the policy that a statement of the age of the deceased accompanying such proofs, and differing from that made in the application, is erroneous.

2. An entry in the minute-book of a lodge of odd fellows, of which the deceased was a member, made prior to the issue of the policy, and showing his age as recorded by the secretary of the lodge in the usual manner of keeping its records, is not admissible as evidence of such age. It is merely hearsay.

ERROR to the Circuit Court of the United States for the Eastern District of Pennsylvania.

This action was upon a life policy, dated March 26, 1867, procured by Anthony A. McDonough from the Connecticut Mutual Life Insurance Company, in the name and for the sole use and benefit of his wife, Mary D. McDonough. In case she died before him, the amount of the insurance was payable to her children, for their use, or, if they were under age, to their guardians, ninety days after notice and proof of his death. He died on the twelfth day of April, 1869, and she on the sixteenth day of April, 1868, leaving two children by him, and two by a former husband, who, by their guardians, brought this suit.

The application for insurance was signed by Mary D. McDonough and Anthony A. McDonough, at Reading, March 25, 1867. To the question, "Place and date of birth of person whose life is proposed to be insured, — giving month and day?" the following answer was given: "Ireland, Aug. 11, 1805." "Age next birthday?" "Sixty-two."

The declaration contains the common counts in assumpsit,

setting forth the policy, the application, interrogatories, and answers The defendant filed fifteen pleas. The first two put in issue the execution of the policy and alleged performance; the third, that the said Anthony A. McDonough was not born in the year 1805. The remaining pleas set up misrepresentations and false allegations in the application as to the health and habits of the insured. The pleas were traversed by replications.

At the trial, the plaintiffs put in evidence the policy, proofs of death, and, by request of defendant's counsel, the application for insurance, and then called Adam Schwenk, who swore that, within sixty days after the death of said Anthony, he gave all the proofs of it to Tilden, the agent of the company, who did not object to any matter of form.

The defendant having asked for a nonsuit on the ground that the affidavit of one Nolan, furnished with the proofs of death, showed that the deceased was between sixty-six and seventy years of age at the time of his death, the court, notwithstanding the objection of the defendant, that it had not prior to the trial received notice that such evidence would be offered, permitted the plaintiffs to call Nolan as a witness. He testified, in substance, that he had no positive knowledge of the age of the deceased, but that the age fixed by him in his affidavit was a mere impression, founded upon the appearance of the deceased. To the admission of this evidence the defendant excepted.

In the course of the trial, the defendant, in order to prove that the age of the deceased was different from that stated in his application, offered in evidence a certain entry or statement, dated Sept. 6, 1845, contained in the minute-book of Bernville Lodge of Odd Fellows, of which deceased was a member, and at one time secretary. The court refused to admit the evidence, and the defendant duly excepted. The jury found all the issues in favor of the plaintiffs, and, a judgment having been rendered in their favor, the defendant sued out this writ of error.

*Mr. Michael Arnold* for the plaintiff in error.

The court declined hearing counsel for the defendants in error.

Mr. Justice Strong delivered the opinion of the court.

The issue, out of which arose both the questions brought here by this case for determination, was founded on a plea that Dr. McDonough, the person whose life had been insured, was older than he had been represented to be in the application for the policy. In that application, made March 25, 1867, his age was stated to be sixty-two at his next birthday. Accompanying the proofs of death furnished to the company by the plaintiffs below was an affidavit of one Thomas Nolan, that the death occurred on the 12th of April, 1869, and that the deceased was between sixty-six and seventy years of age at that time, according to the best judgment of the affiant. To explain the discrepancy between the statement of the affidavit and that made in the application, the plaintiffs offered to prove that the age of the deceased was different from that stated in the affidavit; and, for this purpose, they offered to prove by Nolan himself that he was mistaken, and that he had no knowledge upon the subject. This evidence the court received, notwithstanding an objection by the defendants (the ground of the objection being that no notice had been given to them prior to the trial that such evidence would be offered); and the admission of the evidence is the first error assigned.

In considering the ruling of the court, it is first to be observed that nothing in the policy required that proof of the death of the person whose life was insured should be accompanied by proof of his age at the time of his death. There was, it is true, a memorandum, indorsed on and folded in the policy, that a certificate would be required from some intimate friend of the age of the person insured at the time of his death; but the memorandum was no part of the contract, and it was not shown to either the court, the jury, or the counsel, before the verdict was rendered. Nolan's affidavit, therefore, was no necessary part of the proofs of death, and hence it was immaterial. Yet, having been furnished by the plaintiffs to the defendant, it was some evidence of the age of the person insured, though certainly not conclusive. There can be no reason why it was not open to correction, if it was erroneous. This is not denied by the plaintiff in error, and it could not be successfully. It has repeatedly been held that errors and omissions in the proofs of loss fur-

nished to insurers, in cases of fire insurance, may be corrected or supplied at the trial. In *McMasters* v. *The Insurance Company of North America*, 55 N. Y. 222, the plaintiff had stated in his proofs of loss that he had other insurance on the same property, — a fact which, if true, avoided his policy, — and he had verified his statement by his oath. Yet he was held not to be estopped by the statement, and he was permitted to prove at the trial that the statement was a mistake. *Hubbard* v. *The Hartford Fire Insurance Co.*, 33 Iowa, 325, is to the same effect. So are the *Ætna Fire Insurance Co.* v. *Allen*, 48 Ill. 431, *Comm. Fire Insurance Co.* v. *Huckenburger*, 52 id. 464, and numerous other cases that might be cited. But it is contended that evidence to show Nolan's affidavit was a mistake ought not to have been admitted, without notice to the insurers before the trial that such evidence would be offered; and in support of this position *Campbell* v. *The Charter Oak Fire and Marine Insurance Co.*, 10 Allen (Mass.), 213, and *Irving* v. *The Excelsior Insurance Co.*, 1 Bosw. (N.Y.), 500, are cited. In the former of these cases, it was held that, if an incorrect statement of a material matter has been made through mistake in a notice and proof of loss furnished to insurers, in compliance with a requirement in the conditions of insurance annexed to a policy, and no amended statement has been furnished to the insurers before the trial of an action upon the policy, the insured cannot be allowed to prove the mistake, and show that the facts were not as therein stated. But that case is very different from the one we have before us. There a true statement of the material fact in the proofs of loss was called for by the policy, and it was made a condition precedent to the insurer's liability. The erroneous statement, therefore, was relied upon by the assured, as the notice required by the conditions of the policy, and as a necessary basis of his suit. It must have been, in substance, averred in his declaration; and, for these reasons, the insurers were misled in regard to a matter which the assured had obligated himself to state truly, as a condition precedent to his right to remuneration for his loss. But even in that case the court declined to say that the incorrect statement in the proofs of loss could not be corrected. All that was decided was that the

mistake and the correction could not be first made known to the insurers at the trial of the action to recover for the loss, and obviously for the reason that the correction then would be a surprise to them.. *Irving* v. *The Excelsior Fire Insurance Company* is substantially the same. Neither of the cases can be considered as deciding that an insured is estopped by an erroneous statement of a fact in the proofs of loss furnished by him, even though a true statement of that fact be a condition of the policy. He may correct it, though not first at the trial. But, in the case we have in hand, it was not a condition of the policy that a statement of the age of the deceased should accompany the proofs of death. The insurer's liability was independent of that. Nolan's affidavit, therefore, was superfluous; and it was but a statement of his conjecture. He stated that, according to the best of his judgment, the person whose life was insured was between sixty-six and seventy years of age at the time of his death. This can hardly be regarded as a contradiction of the statement made in the application. The insurers ought not to have been misled by it, and it does not appear that they were. They alleged no surprise when the evidence was offered to show that Nolan had no knowledge on the subject, and that he was mistaken. We cannot, therefore, say there was error in receiving the evidence.

The second assignment is, that the court erred in rejecting the minute-book of a lodge of odd fellows, offered by the plaintiffs in error to show the age of Dr. McDonough, as recorded therein in the usual manner of keeping the records of the lodge. It might, perhaps, be enough to say of this, nothing in the bill of exceptions shows that the minute-book, had it been received, would have tended to prove the age was greater than it was stated to be in the application for the policy. But, waiving this, and conceding also, that, when a policy on the life of a husband has been issued for the benefit of a wife, his admissions made prior to its issue are admissible in evidence to contradict her statements in her application, we are of opinion that none of the entries in the minute-book can be regarded as admissions of McDonough respecting his age. They were made by the secretary of the lodge before McDonough became a member of it, and they do not state that any represen-

tation of his age was made by him; much less, that he stated his age was as the secretary entered it. What was entered, then, was the declaration of a third party, not an admission by the person whose life was insured: it was mere hearsay, at best. It nowhere appears McDonough knew of the entry, or assented to it, when it was made, or that he ever afterwards acquiesced in it. True, he was subsequently elected secretary of the lodge, and then had the book of minutes in his charge. He may then have read the minutes, and thus have obtained notice that such an entry appeared therein. But it would be going very far to hold such knowledge was any evidence of an admission by him that the statement of his age made in the entry was true.

It is argued, however, that though the entry in the minute-book was the declaration of a third person, it was admissible on the principle of necessity; and we are referred to the line of decisions in which it is said to have been ruled that written entries or declarations of third persons are admissible as primary evidence after their decease, when they accompany, or are explanatory of, some material fact, or as secondary evidence, when the particular circumstances afforded reasonable assurance that the person who made them knew the fact stated, communicated it faithfully, and cannot be obtained to testify. Without pausing to inquire whether the doctrine asserted in these cases is as broad as the plaintiffs in error state it, the present case clearly fails to come within it. The secretary who made the entry in the lodge minute-book had, so far as it appears, no peculiar means of knowledge of Dr. McDonough's age, and there is no proof that he was not living at the trial. For aught that appears, he might have been called as a witness.

Again, it is argued that a man's age is one of the elements of his pedigree, and that, in proving pedigree, hearsay evidence s admitted. The argument is fallacious. It is true, the age of a person may become material in questions of pedigree; but even then the hearsay declaration of strangers, persons not related by blood or marriage, are inadmissible to prove it. Moreover, the present case involves no question of pedigree. The proof of age was not offered for the purpose of showing parentage or

descent, both of which were impertinent to the issue between the parties. The assignment of error cannot, therefore, be sustained.                                    *Judgment affirmed.*