fendant's own witnesses testifies on cross-examination that rain falling on ice would freeze quicker than in falling on the ground, and the whole evidence is out of joint with the contention of the defendant in this case.

The fourth point urged is that there is a lack of evidence to support the judgment on the question of contributory negligence. The plaintiff testifies that it was quite dark; that she went along the walk as carefully as she could; that "I went along carefully at this icy spot. I had rubbers on." It does not require a great deal of evidence to support a finding that one has been free from contributory negligence, especially where it is wholly uncontradicted. The defendant's suggestion that, although the plaintiff knew that it had been raining, she failed to take notice of the fact that the rain had frozen as it fell, is based upon an assumption which was not established by the evidence. The plaintiff testifies: "It was a very mild day, and the walks generally were not slippery. Only on this bad place, and I didn't know anything about it." If the walks generally were not slippery, then it is fair to assume that the rain had not frozen as it fell,—at least, not to such an extent as to make the knowledge of that fact patent to the plaintiff; and the testimony of the plaintiff that she walked as carefully as she could, and that she had rubbers on, is not disputed. See Stone v. City of Poughkeepsie, 15 App. Div. 584, 44 N. Y. Supp. 609.

The judgment and order should be affirmed, with costs. All concur.

━━━━━━━

(68 App. Div. 342.)

BOWEN v. PREFERRED ACC. INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

INSURANCE — LIFE POLICY — EVIDENCE—ADMISSIBILITY—HEARSAY—PEDIGREE—AGE.

     A letter to insured from his brother, which states his age, is hearsay, and not admissible on behalf of the beneficiary to establish the age of insured in an action on a life policy, as it is not within the exception that hearsay is admissible as to matters of pedigree.

Appeal from trial term, Kings county.

Action by Frances M. Bowen against the Preferred Accident Insurance Company of New York. From a judgment in favor of plaintiff, and from an order denying a motion to set aside verdict and for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Hamilton Wallis, for appellant.

John H. Kemble, for respondent.

JENKS, J. This action is to recover upon a policy of accident insurance issued by the defendant upon the life of the husband of the plaintiff. The defense was that the assured stated and warranted in his application for the insurance that at the time thereof he was 60 years of age at his nearest birthday, and no more, which

warranty was untrue, and then known by the assured to be untrue, in that at the time of such application he was upwards of 62 years of age; and, further, no action was begun upon the policy within the time limitation expressed therein. At the close of the charge to the jury the learned counsel for the defendant stated that the only question that was to be submitted to the jury was that of the age of the assured; that there was no question as to his deceit. The learned court so held, and so stated to the jury.

The plaintiff in rebuttal offered in evidence a certain letter, dated May 15, 1890, and written to the assured by his deceased brother. In the letter was written: "In replying to your inquiry about your age, I cannot tell you positively. Nor doe [sic] I know where the family register is. You must have been born in 1833, and are now 58 years old." The learned counsel for the defendant objected to the reception of the letter, on the ground that it was not evidence, and was not shown to be in the said brother's handwriting. After proof of the handwriting, the letter was received in evidence under exception. I am of opinion that the ruling was erroneous. The admission of such testimony must be justified by some rule or exception in derogation of the general rule that excludes hearsay testimony. The learned court did not state the grounds of its ruling, but, as concededly the only question before the jury was the age of the testator, the letter must have been admitted on the ground that in this action age could be proved by hearsay. The learned counsel for the respondent seeks to maintain the ruling by citations from Phillips on Evidence. Thus, the learned counsel says: "The letter * * * was competent proof of the age of Jason Bowen within the rule stated by Phillips. He says: 'Another subject whereon statements are receivable upon the credit of deceased persons who have neither been sworn to the truth of those statements nor been cross-examined respecting them relates to matters of pedigree,' "—and then continues with quotations which in express terms refer to cases of pedigree. The exception to the rule, or the rule itself (as some writers have it), that hearsay testimony is evidence in cases of pedigree, is ancient and unquestioned. ·Pl. Ab. 293, col. 1; Thayer, Prel. Treat. Ev. 520; Mima Queen v. Hepburn, 7 Cranch, 290, 3 L. Ed. 348; Eisenlord v. Clum, 126 N. Y. 552, 27 N. E. 1024, 12 L. R. A. 836. The error was due to the conclusion that a question of age is one of pedigree, or, perhaps, to the confusion of age with pedigree. A question of pedigree may, of course, involve a question of age, but a case which involves age is not necessarily one of pedigree. Peckham, J., in Eisenlord v. Clum, at page 566, 126 N. Y., page 1028, 27 N. E., and page 842, 12 L. R. A., citing Whittuck v. Waters, 4 Car. & P. 375; Insurance Co. v. Schwenk, 94 U. S. 593, 24 L. Ed. 294. I think that this case, although involving the question of age, cannot be said to be one of pedigree, so as to admit of such testimony. Stephen, in his Digest of the Law of Evidence (rule 31, subd. 1), qualifies the rule thus: "Such declarations are deemed to be relevant only in cases in which the pedigree to which they relate is in issue, and not in cases in which it is only relevant to the issue." Insurance Co. v.

Schwenk, supra, was an action under a life insurance policy, and among the pleas of the defendant was a challenge of the age of the assured, as in the case at bar. In the course of the trial the defendant, in order to prove that the age of the assured was different from that stated in the application for insurance, offered in evidence an entry in a minute book of an Odd Fellows Lodge of which the deceased was a member. The court refused to admit the evidence, and the defendant excepted. In passing upon the ruling the court, per Strong, J., said:

"Again, it is urged that a man's age is one of the elements of his pedigree, and that in proving pedigree, hearsay evidence is admitted. The argument is fallacious. It is true the age of a person may become material in questions of pedigree; but even then the hearsay evidence of strangers, persons not related by blood or marriage, are inadmissible to prove it. Moreover, the present case involves no question of pedigree. The proof of age was not offered for the purpose of showing parentage or descent, both of which were impertinent to the issue between the parties."

In Haines v. Guthrie, 13 Q. B. Div. 818, the plaintiff sued for the value of a horse, and the defense, inter alia, was that the defendant at the time of delivery was an infant. The defendant's counsel tendered in evidence an affidavit made by the deceased father of the defendant in an administration suit in chancery, as tending to prove the date of the defendant's birth. The evidence was admitted. The queen's bench, per Stephen, J., held that, in a pedigree case,—"that is, in a case of purely genealogical controversy,"—the evidence would have been admissible, but that the rule applied to pedigree cases only, refused to apply it to the case then under consideration, and ordered a new trial. The court of appeal affirmed the judgment, Brett, M. R., saying:

"What the family of the defendant is is immaterial, whose son he is is immaterial, whether he is a legitimate or an illegitimate son is immaterial, and whether he is an elder or a younger son is immaterial. No question of family is raised in the case. * * * I think Lord Blackburn intended to make an exhaustive definition of the exceptions to the rule against the admission of hearsay evidence, and he distinctly states that, 'in questions of pedigree,' the statements of deceased members of the family 'are evidence to prove pedigree.' If that is true, and if what I have stated [that no question as to the family is at issue in the present case] is right, how can any one say that the evidence in this case was given on a question of pedigree or to prove pedigree? Therefore this evidence is not brought within the exceptions."

The Haines Case is cited in Stephen's Digest of the Law of Evidence, and is commented upon and cited in Eisenlord v. Clum, supra, by Peckham, J., who also cites Whittuck v. Waters, 4 Car. & P. 375. In Eisenlord v. Clum, supra, the court say:

"As to what is a case of pedigree, an examination of the question shows that a case is not necessarily one of that kind because it may involve questions of birth, parentage, age, or relationship. Where these questions are merely incidental, and the judgment will simply establish a debt, or a person's liability on a contract, or his proper settlement as a pauper, and things of that nature, the case is not one of pedigree, although questions of marriage, legitimacy, death, or birth are incidentally inquired of."

A very learned writer states that family hearsay has always been resorted to in matters of pedigree, and that before jury trial was

developed the matter used to be tried by witnesses, who stated circumstantially the grounds of their knowledge, probably hearsay from the family, if confirmed by circumstances. Thayer, Prel. Treat. Ev. I think that the rule has continued from reasons of necessity; for direct evidence of traditional or historical matters is most difficult to obtain, those whose declarations are proved were naturally the best qualified to speak, while the matters of which they speak are of such a character as to make fraud or misrepresentation easy of detection, and, moreover, there was no motive existing at the time of the declaration to speak falsely. In other words, practically such testimony represented the best evidence, and the character of the testimony and the circumstances surrounding it did not make its admission, under exception to the general principle, dangerous. Starkie, Ev. (10th Ed.) p. 45 et seq.; Greenl. Ev. § 103 et seq.; Steph. Dig. Ev. art. 31 et seq.; Whart. Ev. §§ 208, 209; Eisenlord v. Clum, supra; Brett, M. R., in Haines v. Guthrie, supra. The precaution observed in permitting such evidence is shown by the limitation that declarations post litam motam are not admissible. Starkie, Ev. 63. I think that the reason for the rule that makes such testimony admissible in cases of pedigree does not exist in a case of the kind at bar. Necessity does not require it. The fact to be proved is not marked by such publicity or is not articulated with other facts so as to make the falsity of the evidence easy of detection. The authorities are cogent, and not to be discriminated. As this was the only testimony offered as to the age stated by the assured, aside from the statement in his application, it is clear that its admission requires a reversal of the judgment.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur, except HIRSCHBERG, J., taking no part.