Swift & Co. v. Rennard.

## Swift and Company v. George A. Rennard, by next friend.

1. CHILDREN—*construction of statute prohibiting employment of, at particular work.* Section 11 of the Act of May 16, 1903, includes by construction the employment at a machine operated by steam power.

2. AGE—*how proof of, may be made.* Proof of age may be made by entries in a family bible, notwithstanding such entries were not contemporaneous with birth.

3. AGE—*what competent to contradict purported.* A school record kept by a teacher is competent in connection with her testimony as to the age given by the child at the time of his entry into her school.

4. CROSS-EXAMINATION—*when improperly restricted.* It is improper in an action by one claiming as a child to have been injured while employed at prohibited work, to refuse to permit his father to state whether he had ever given a certificate of the plaintiff's age to be delivered to the defendant, if he knew that the plaintiff was working for the defendant, and if he knew how long he had been so working.

5. EXTRA HAZARDOUS EMPLOYMENT—*what does not excuse employment of child at.* The fact that the child in question had concealed his true age does not relieve his employer from liability in such a case.

6. PLACE OF ACCIDENT—*when conditions prior to injury incompetent.* It is not competent to permit a witness who did not know the conditions at the place of the injury at the time thereof, to testify to conditions there existing prior thereto.

Action on the case for personal injuries. Appeal from the City

Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1904. Reversed and remanded. Opinion filed March 17, 1905.

A. & J. F. LEE, and C. E. POPE, for appellant.

T. M. WEBB and GEORGE A. CROW, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the City Court of East St. Louis, by appellee, a minor under the age of sixteen years, against appellant, to recover damages for a personal injury sustained by appellee while in the service of appellant. Trial by jury. Verdict and judgment in favor of appellee for $7,000.

The second amended declaration, upon which the case was tried, consisted of six counts, and as abstracted by appellee, charges, in substance as follows:

*First count.* That appellee was over fourteen and under sixteen years of age and that appellant employed and permitted appellee to be in and to work around its place of business, without first causing to be produced and placed on file in its factory an age and school certificate as required by the statute, and unlawfully placed him at work at a certain meat grinding machine, and that while working with the machine his right hand and arm came in contact with the knives of the machine, and was so mutilated and torn that it was necessary to amputate his arm.

*Second count.* That appellant unlawfully had appellee in its employ, in its factory, at a machine operated by steam, which was dangerous to the life and limbs of appellee, that he was injured and that his injury was the direct result of his being so unlawfully employed.

*Third count.* That appellee was over fourteen and under sixteen years of age, without experience in the management or operation of machinery, was placed to work at a meat grinding machine operated by steam and dangerous to a child of his age; that he was neither warned nor instructed

Swift & Co. v. Rennard.

as to the dangers incident to the work, and that no age and school certificate as to him was on file in appellant's factory, as required by law.

*Fourth count.* That appellee was over fourteen and under sixteen years of age, was in the employ of appellant in a position of safety to himself and where he could perform his labors without injury to his life or limbs, and that appellant ordered him to take charge of and operate a meat grinding machine, operated by steam and dangerous, that appellee was inexperienced in the operation of such machinery and knew nothing of the dangers incident to its operation, and that appellant ordered him to operate it without first instructing him how to operate it, and without pointing out the dangers incident thereto.

The fifth count avers that appellee, being a minor of tender years, under the age of sixteen and over fourteen, and inexperienced and unskilled in the handling and operation of machinery, and knowing nothing of the operation of, or the dangers incident to the handling of said meat grinding machine was negligently and carelessly ordered by appellant to take charge of and operate said machine, contrary to the statute in relation to the employment of children, and without first instructing him how to operate same with safety, and without pointing out to and warning him against the dangers incident to the operation of it.

The sixth count charges that the machine was operated by belts and steam power and might well be regarded as highly dangerous to children under sixteen years and over fourteen years of age; that the machine operated so rapidly that the knives or cutters therein would not take hold of meats placed in the receiver or hopper without some pressure by the hand of the operator, or by some other means, against the meats to cause them to come in contact with the knives, and that appellee was a minor of tender years, under sixteen and over fourteen years of age and inexperienced and unskilled in the operation of machinery propelled by steam power; that appellant negligently and contrary to the statute placed appellee in charge and control of said meat grinding

machine and negligently ordered him to operate the same
and negligently permitted him to feed meats into the hopper
and to press his hand against said meats in order that they
might come in contact with the knives therein, without first
warning him against the dangers incident thereto, and with-
out cautioning him as to the dangers of his hands being cut
by the machine, and that he had no knowledge of the hazard
incident to the employment.

Appellant was engaged in operating a slaughter house
and meat packing plant, and among other appliances, had in
use a machine known as a meat hasher, or "liver hasher."
This machine was constructed of a cylinder, a worm and re-
volving knives, and was driven by steam power furnished
from a main and counter shaft by means of a belt. Appel-
lee was employed in an adjoining department, at removing
sinews from the feet of slaughtered cattle. The drinking
water for use of those working in appellee's department was
kept in a keg in the adjoining department where the meat
hasher was being operated. During the afternoon of the
day of the injury, appellee went into this adjoining room to
get a drink, and observed that the ground livers coming from
the machine, were running over the sides of the truck, and
he called attention to it. The operator hauled the truck
away and appellee commenced to feed the machine and threw
a large piece of liver into the hopper. This piece was too
large to be caught by the worm and drawn into the machine,
and appellee placed his hand upon it and attempted to press
it down, when the worm caught the liver and drew it in and
drew in with it, appellee's hand and arm, to the elbow. The
hand and arm were so crushed and mangled that amputation
above the elbow was necessary.

Appellee testified that the foreman ordered him to operate
the machine. The foreman denies this, and testifies that
while he was absent on the floor below appellee shifted the
belt, started the machine and began feeding livers into the
hopper. There was a sharp conflict of evidence as to every
material fact in the case, except as to the relation of master
and servant, the fact and extent of the injury and the fact

Swift & Co. v. Rennard.

that appellant did not have on file in its factory the age and school certificate required by the statute in cases where an employee is over fourteen and under sixteen years of age. And as to this, appellant contended that appellee was over the age of sixteen years.

The statute provides: "No child under sixteen years of age and over fourteen years of age shall be employed in any mercantile institution, store, office, hotel, laundry, manufacturing establishment, bowling alley, theatre, concert hall, or place of amusement, passenger or freight elevator, factory or workshop, or as messenger or driver therefor," unless there is produced and placed on file in such place of business an age and school certificate. And that statute further provides: "No child under the age of sixteen years shall be employed at sewing belts, or to assist in sewing belts, in any capacity whatever; nor shall any child adjust any belt to any machinery; they shall not oil or assist in oiling, wiping or cleaning machinery; they shall not operate or assist in operating circular or band saws, wood shapers, wool-jointers, planers, sandpaper or wood-polishing machinery, emery or polishing wheels used for polishing metal, wood-turning or boring machinery, stamping machines in washer and nut factories, operating corrugating rolls, such as are used in roofing factories, nor shall they be employed in operating any passenger or freight elevators, steam boiler, steam machinery, or other steam generating apparatus, or as pin boys in any bowling alleys; they shall not operate nor assist in operating, dough brakes, or cracker machinery of any description; wire or iron straightening machinery; nor shall they operate or assist in operating rolling mill machinery, punches or shears, washing, grinding or mixing mill or calendar rolls in rubber manufacturing, nor shall they operate or assist in operating laundry machinery; nor shall children be employed in any capacity in preparing any composition in which dangerous or poisonous acids are used, and they shall not be employed in any capacity in the manufacture of paints, colors or white lead; nor shall they be employed in any capacity whatever in operating or assisting to operate any passenger or freight elevator; nor shall they be

12

employed in any capacity whatever in the manufacture of goods for immoral purposes, or any other employment that may be considered dangerous to their lives or limbs, or where their health may be injured or morals depraved; nor in any theatre, concert hall, or place of amusement wherein intoxicating liquors are sold; nor shall females under sixteen years of age be employed in any capacity where such employment compels them to remain standing constantly."

Counsel for appellant contend that the employment at which appellee was engaged at the time of the injury does not fall within any class of employments prohibited by the statutes, that all the counts of the declaration are based upon these statutes and, therefore, there is no evidence in the record tending to prove appellee's case as he has pleaded it. They invoke the rule *ejusdem generis*, and say that such employment and such machines as are in question here, are not named in the statute, and that the general description, *"or any other employment that may be considered dangerous to their lives or limbs,"* includes only those of the same kind as are specifically named. Authority is quoted in support of the position and there are classes of statutes to which the rule has proper application, but we are of opinion it does not apply here.

Our Supreme Court has recently had this rule under consideration, in the construction of the burglary statute. There the statute is: "Dwelling house, kitchen, office, shop, storehouse, warehouse, malthouse, stillinghouse, mill, pottery, factory, wharf-boat, steam-boat, or other water craft, freight or passenger railroad car, church, meeting house, school house, or other building," and it is held that the general description *"other building"* does include buildings not of the same kind as those specifically named. That it includes "barns, stables, hen-houses * * *," and say the rule "should not be carried to the extent of defeating the intention of the legislature in enacting the law." "To limit the meaning of the words, 'other building' as used in the statute, to buildings *ejusdem generis,* with those specifically named, would be to render the general words practically meaningless." A big

meatgrinding machine with worm and revolving knives, operated by steam power through shafts, pulleys and belts, is as much within the intent and purpose of the legislature in enacting the law as "dough brakes" or crackers machines, and the general description, "or other employment that may be considered dangerous to their lives or limbs," must be held to include the employment of operating the machine in question. In this connection, appellant contends that appellee's employment was in the sinewing department, and that this department of work was not dangerous. This contention assumes a disputed question of fact. It is true he had been employed in the sinewing department, up to a few minutes before he was injured, but if his statement is true that the foreman in charge ordered him to operate the meat hasher and that he commenced to do so in obedience to such order and continued thereat until he was injured, then his employment at the time of the injury was that of operator of that machine. If, however, the truth is as contended for by appellant, that without orders to do so, appellee started the machine and operated it until he was injured, in the absence of the foreman, and without his knowledge, then appellee has no case, under any count of his declaration.

A number of questions are raised as to the rulings of the trial court upon the introduction of the evidence. The age of appellee was a material and contested issue in the case, and appellee offered and the court admitted, a record written in the family bible. The only objection interposed was, that it was not written at the time of appellee's birth. This was not a valid objection and none other being made it was not error to admit it. Other objections are urged here, which if made at the proper time would doubtless have proved effective, but they are not involved in this record, and any discussion of them at this time would be mere *obiter*.

Appellant produced a public school teacher whose school appellee had attended. The teacher testified to his age as given by him at that time and identified the school record then made by her. This record was rejected by the court.

It should have been admitted in connection with the evidence of the witness who made it.

Upon cross-examination of appellee's father he was asked, if he had ever given a certificate of appellee's age, and if he had ever made a certificate of any kind that was to be delivered to appellant, and if he knew that appellee was working for appellant, and if he knew how long he had been working for appellant. Objections were sustained to all these questions. This was error. The witness should have been required to answer all these questions: not to avail as defenses to the action, but as being within the domain of proper cross-examination for the purpose of testing the truthfulness of the witness' testimony given in chief.

A brother of appellee was allowed to testify to a condition of things as they existed at appellant's plant, at a time long prior to the injury, without any knowledge of the conditions at the time. This was not material to any issue in the case and the court erred in not sustaining appellant's motion to strike it out; and this witness was also allowed to state that he went to appellant's plant after the injury to get his brother's arm. He said, "I went up there to get part of my brother's arm, that was cut off by the machine; the other part of the arm that was literally cut off in the machine." This could throw no light upon any issue in the case and tended to aggravate the injury and prejudice the jury. It ought to have been excluded.

Upon cross-examination appellee was asked concerning an affidavit that had been prepared for his father to sign as to his age, and if when he gave his age to an employee of appellant who inquired of him for it, he knew the purpose of the inquiry. Objections were sustained to all these questions. This was error. They were within the purview of proper cross-examination.

The trial court erred in modifying the 2nd, 3rd and 6th instructions asked on behalf of appellant. The 5th instruction as modified does not state the law correctly, but it was not correct as asked and appellant cannot complain of

the court for having failed in its attempt to make a bad instruction good.

The two refused instructions were properly refused. The fact, if it be fact, that appellee knew he was under the age of sixteen years, and concealed that fact from appellant, or that he falsely stated his age to appellant, would not relieve appellant from the duty to know nor the responsibility of not knowing that he was of legal age before employing him and exposing him to the perils absolutely prohibited by the statute enacted solely for the protection of children, thus legislatively declared to be incapable of protecting themselves. Anything such a child might say about its age would be competent evidence, to be considered by the jury in connection with all the other evidence, as bearing upon the question of age, in a suit wherein such child was a party, but a false statement of its age to its employer would not bar its right of action. This position is fully sustained by the Supreme Court of this state in American Car & Foundry Company v. Koss Armentraut, by next friend, 214 Ill. 509, affirming 116 App. 121.

For the errors above noted, the judgment of the City Court of East St. Louis is reversed and remanded.

*Reversed and remanded.*