## COUNTY COURT—YATES COUNTY,
### April, 1909.

## THE PEOPLE v. FRANK HARRISON.

### (63 Misc. 18.)

HABEAS CORPUS—SUFFICIENCY OF EVIDENCE ON CHARGE OF RAPE.

A defendant, held for the grand jury upon a charge of rape in the second degree, is entitled to be discharged upon habeas corpus, unless the testimony of the complainant that she was under eighteen years of age at the date of the alleged crime is corroborated.

APPLICATION for discharge of defendant upon a writ of habeas corpus.

*Spencer F. Lincoln, District Attorney,* for People.

*Thomas Carmody,* for defendant.

BAKER, J.:

This is an application for the discharge of defendant upon a writ of habeas corpus; the defendant claiming that he is illegally held by the sheriff of Yates county, upon the commitment of Frank J. Douglass, a justice of the peace of the town of Milo, to answer the charge of rape in the second degree.

The defendant traverses the return of the sheriff by alleging that there was no legal proof of the crime in the evidence taken before the magistrate. That the testimony of the prosecutrix is unsupported by other evidence, as is required by section 283 of the Penal Code. Penal Law, § 611.

The justice might have drawn an inference of the guilt of defendant, from the testimony of the prosecutrix and that of the witness Stryker, and Dr. Tuthill, if there had been any corroborative evidence of the age of the prosecutrix.

The only evidence of her age is her own testimony, that she was seventeen years of age March 14, 1908.

It cannot be said that her appearance was sufficient corroboration of her testimony that she was under eighteen years of age January 29, 1909, which she fixes as the date of the alleged crime, for she was then but six weeks younger than eighteen years, if her testimony as to her age is correct.

One of the two principal facts constituting this crime is the age of the prosecutrix.

It is not pretended that a crime was forcibly committed, but that the prosecutrix was under the age of consent, eighteen years.

There is no legal proof of the commission of the crime, unless there is corroborative evidence tending to prove *each of the facts* constituting the crime. *People v. Plath,* 100 N. Y. 590.

The corroboration must extend to every material fact essential to constitute a crime. *People v. Page,* 162 N. Y. 272.

The General Term, in *People v. Brandt,* 14 N. Y. St. Repr. 419, in holding that the prosecutrix was sufficiently corroborated as to all material facts, stated that she was " corroborated as to her age by her parents."

There was not legal proof before the magistrate that a crime had been committed and the magistrate had no jurisdiction to issue a commitment holding the defendant to answer.

The prisoner should be discharged.

Prisoner discharged.