SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

March 19, 1924.

THE PEOPLE v. BENJAMIN LAMMES.

(208 App. Div. 533.)

(1) RAPE—SECOND DEGREE—CORROBORATION OF PROSECUTRIX AS TO HER AGE—AFFIDAVIT OF MOTHER OF PROSECUTRIX, SINCE DECEASED, MADE FOR SCHOOL CENSUS IN WHICH DATE OF BIRTH IS STATED NOT ADMISSIBLE.

On a prosecution for rape in the second degree, it is necessary that the prosecutrix be corroborated as to her age, but an affidavit made by her mother, who has since died, on a school census blank in which the date of the birth of the prosecutrix is stated, is not admissible as corroborative evidence, since the affidavit is merely hearsay evidence and it cannot be received on the theory that it is admissible to establish, pedigree.

(2) SAME—INSPECTION OF PROSECUTION WOULD NOT AID JURY IN DETER-
MINING HER AGE.

Under the circumstances as disclosed by the evidence, an inspection
of the prosecutrix would not aid the jury in determining her age at the
time she alleges the crime was committed, at which time it is claimed
by the prosecution that she was nearly eighteen years old.

DAVIS and CROUCH, JJ., dissent, with opinion.

APPEAL by the defendant, Benjamin Lammes, from a judg-
ment of the County Court of Monroe county, rendered on the
1st day of June, 1923, convicting him of the crime of rape in
the second degree.

*Joseph McSweeney,* for the appellant.

*William F. Love* (*Frederick S. Holbrook* with him on the
brief), for the respondent.

CLARK, J.:

The defendant was convicted in Monroe county of the crime
of rape in the second degree.

Defendant formerly resided with his wife in the village of
Spencerport, N. Y., where he conducted a bakery. In the
year 1922 the complainant, Gertrude Scharn, went to work for
defendant in his bakery, and they became intimate friends,
she residing with defendant and his wife while she worked for
them.

In the fall of 1922 complainant went to Ogden, Utah, to
live with her father, and in December, 1922, defendant went
to Utah and saw the complaining witness. He returned to
Spencerport in January or February, 1923, and continued to
live with his wife in that village. The complaining witness,
Miss Scharn, returned to Rochester April 30, 1923, defendant
having furnished her money to defray her traveling expenses.
When she arrived in Rochester, in response to her request over
the telephone, defendant went to the New York Central station

and met her, and they went to a room on Chatham street, and it is claimed by the People that on the morning of May 1, 1923, at said room defendant had sexual intercourse with the complainant, Gertrude Scharn.

On the trial she testified that said intercourse took place at that time, and there was sufficient evidence corroborating the prosecutrix as to the act of sexual intercourse with defendant, but she was not sufficiently corroborated as to her age.

She testified that she became eighteen years of age on the 17th day of May, 1923, and that the act of sexual intercourse charged against defendant was committed on the 1st day of May, 1923, only sixteen days before she became eighteen years of age, according to her own testimony.

The law requires that in a case of this character the prosecutrix must be corroborated, and that such corroboration must extend to every material fact essential to constitute the crime charged, and in this case that rule would apply to the fact of the age of the prosecutrix, as well as to each of the material facts essential to constitute the crime. (People v. Plath, 100 N. Y. 590; People v. Page, 162 id. 272.)

The only corroboration of the prosecutrix on the question of her age is an affidavit made by her mother (deceased) on a school census blank and sworn to before a police officer of the city of Rochester as a commissioner of deeds. According to that affidavit the prosecutrix was under the age of eighteen years at the time she claimed to have had intercourse with the defendant.

I think the admission of this affidavit of the mother, purporting to state the date of birth of the prosecutrix, was improper and that it constituted such a substantial error as to require the reversal of the judgment. This affidavit was hearsay evidence pure and simple. It was received on the theory that it established the pedigree of the complainant. It could not be properly received for any such purpose for age is not essential to establish pedigree, and the question of pedigree was not

necessarily involved in this case.     (Bowen v. Accident Ins. Co., 68 App. Div. 342; 82 id. 458; Eisenlord v. Clum, 126 N. Y. 552; Washington v. Bank for Savings, 171 id. 166; People v. Miller, 30 Misc. Rep. 355; Wallace v. Syracuse Rapid Transit R. Co., 42 App. Div. 536; 4 Chamberlayne Mod. Ev. §§ 2922, 2926; People v. Mayne, 118 Cal. 516.)

One of the facts that the People were obliged to establish in order to convict this defendant was that the complainant was under the age of eighteen years at the time he had intercourse with her.     (Penal Law, § 2010.)

No conviction could properly be had upon the testimony of the prosecutrix unsupported by other evidence.     (Penal Law, § 2013.)

The only other evidence in this case on the question of the age of the prosecutrix was the affidavit of her mother above referred to.

Under the circumstances as disclosed by the evidence an inspection of the complaining witness would not aid the jury in determining her age at the time she alleges the crime was committed.     (People v. Todoro, 160 N. Y. Supp. 352; People v. Marks, 146 App. Div. 13.)

The judgment of conviction should be reversed and a new trial granted.

All concur, except DAVIS and CROUCH, JJ., who dissent and vote for affirmance in an opinion by DAVIS, J.

DAVIS, J. (dissenting) :

The crime is alleged to have occurred on May 1, 1923.     The main facts are well established.     Gertrude Scharn, the complaining witness, testified that she became eighteen years of age on May 17, 1923.     This evidence must be corroborated because it constitutes one of the material facts essential for a legal conviction.     (Penal Law, § 2013; People v. Todoro, 224 N. Y. 129; People v. Harrison, 63 Misc. Rep. 18.)

There was no direct testimony corroborating Gertrude as to her age. She was born in Holland. Her father and mother came with her to this country in 1916 and resided in Rochester. Evidently the parents separated for some reason. The father went to live in Utah. The mother and daughter remained in Rochester, residing on Berkley street, and Gertrude went to school. Testimony of witnesses called by defendant who knew them both together with complainant's evidence established the fact of such residence.

To this home on November 8, 1920, came one Carroll, a policeman, taking the school census. This was apparently shortly before the mother's death, for Gertrude's testimony is that her mother died during that month. The usual school census blank was made out and Alida Scharn, the mother, signed it and made oath as to the truth of the statements therein contained before the police officer, who was also a commissioner of deeds.

The father was not within the jurisdiction of the court at the time of the trial. That sworn statement of the deceased mother was produced, identified and received in evidence over the objection of the defendant's counsel. It stated that Gertrude Scharn was born in Holland on May 17, 1905.

I think this evidence competent on the question of complainant's age. It is, of course, hearsay. So also was the testimony of Gertrude herself on that subject. Declarations in regard to pedigree, though hearsay, are admissible where made before a controversy arose or action brought, and the declarant is a deceased relative. (Young v. Schulenberg, 165 N. Y. 385; Aalhom v. People, 211 id. 416.) It is admitted on the theory that it is the best evidence that can be then obtained. (People v. Koerner, 154 N. Y. 355, 370.) Matters of pedigree include such facts as those concerning birth (Eisenlord v. Clum, 126 N. Y. 552), and the time when such event happened. (Washington v. Bank for Savings, 171 N. Y. 166, 173.) Age may not of itself be an element of pedigree (People

v. Sheppard, 44 Hun, 565; Bowen v. Preferred Accident Ins. Co., 68 App. Div. 342, 344), but if the date of birth may be proved, the question of the person's age is merely a matter of computation. There is no sound reason why age, when an issue, may not be proved in the same manner as any question of pedigree. I do not regard the rule fixed in this state that declarations of such a genealogical fact as the date of birth are inadmissible. Certainly the weight of modern authority supports the rule favoring admission, when better evidence may not be obtained, whether the issue is strictly one of pedigree or otherwise. (Chamberlayne Mod. Ev. §§ 2923, 2929; Wigm. Ev. [2d ed.] § 1503.)

The number of persons having actual knowledge of the date of birth is always limited, generally at the most to the mother, father, physician, and midwife or nurse. There are times when such witness cannot be called to make proof of this essential fact, so the law of necessity accepts records or declarations made by such persons when there was no object to deceive, rather than concede that proof of a patent fact is impossible. (Washington v. Bank for Savings, *supra,* 175; Griffin v. Train, 90 App. Div. 16, 20; 22 C. J. 216, 234.) So a record made in the family Bible may be admitted to prove the date of birth and thereby the age of a person (Penal Law, § 817; People v. Slater, 119 Cal. 620; 33 Cyc. 1473), no matter by whom the entry is made (Union Central Life Ins. Co. v. Pollard, 94 Va. 146; 36 L. R. A. 271; Jones v. Jones, 45 Md. 144, 160; Wigm. Ev. [2d ed.] § 1496); and direct testimony may be given by a physician based on a record he made at the time of the birth of a child, or by the father concerning an entry in the family Bible, as showing the age of a prosecutrix in such an action as this. (James v. State, 125 Ark. 269.)

Records of such facts as the age of a person must have recognized reliability and authenticity or they will be excluded. (Penal Law, § 817; People v. Todoro, *supra;* Connecticut Mutual Life Ins. Co. v. Schwenk, 94 U. S. 593; Bowen v.

Preferred Accident Ins. Co., *supra;* Maher v. Empire Life Ins. Co., 110 App. Div. 723; Buffalo Loan, Trust & S. D. Co. v. K. T. & M. M. A. Assn., 126 N. Y. 450.) The evidence offered in this case may not be so impeached. The record offered was made pursuant to a provision of law. (Education Law, § 650, as amd. by Laws of 1914, chap. 480.) It was intended to secure accuracy. (Id. § 653.) Very likely the records made in its books by the census board would have been competent under the circumstances. (Richards v. Robin, 178 App. Div. 535; Swift & Co. v. Rennard, 119 Ill. App. 173; Armstrong v. Modern Woodmen, 93 Wash. 352.) But we do not need to determine that question. The original affidavit of the mother was produced. That sworn statement would seem to be as reliable as would be her unverified entry in a family Bible. (Russell v. Schuyler, 22 Wend. 277, 280.) While not made admissible by statute as are records of birth and baptism or entries in the family Bible, if the evidence was admissible in a civil case, it was admissible here. (Code Crim. Proc. § 392.) The mother possessed peculiar knowledge on the subject. To her the birth of her daughter must always have been a significant event. When she made the affidavit there was no reason for making a false statement. The mother cannot now give testimony and the law must be content with the best available evidence. If the jury were convinced of its truth and reliability, it constituted the necessary corroboration.

In such cases the appearnace of the complaining witness on the stand may be considered by the jury in reaching a conclusion as to her age. (Penal Law, § 817; People v. Ragone, 54 App. Div. 498; People v. Elco, 131 Mich. 519; Commonwealth v. Hollis, 170 Mass. 433; State v. Davis, 237 Mo. 237; Wigm. Ev. §§ 222, 1154, subd. 3.) In this case such evidence might be of slight value because the complainant lacked but sixteen days of being eighteen years of age when the act was perpetrated, and she was fourteen days past eighteen when the

trial began. It would obviously be difficult by ordinary observation to make such fine discriminations. (People v. Marks, 146 App. Div. 11; People v. Todoro, 160 N. Y. Supp. 352.) But I think we may not hold as a matter of law that the jury could not have taken her appearance into consideration. (People v. Justices of Special Sessions, 10 Hun, 224, 226.)

I vote for affirmance of the judgment of conviction.

CROUCH, J., concurs.

Judgment of conviction reversed upon questions of law and fact and new trial granted.