THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REESE W. WEYANT, JR., Appellant.

Third Department, July 12, 1979

## APPEARANCES OF COUNSEL

*Paul R. Shanahan* for appellant.

*Robert E. Jones, District Attorney (Edward D. Saslaw* of counsel), for respondent.

## OPINION OF THE COURT

GREENBLOTT, J.

On April 30, 1977, a Grand Jury of Cortland County handed up a six-count indictment against defendant. He was charged with two counts of endangering the welfare of a child, two counts of obscenity in the second degree, rape in the third degree, and unlawfully dealing with a child.

At the trial, Lois Sherman testified that she was born on May 16, 1961 and had lived with her parents in Virgil, Cortland County. She met defendant at the Crown Billiard Lounge, which he owns and operates, when she was attending junior high school and was 13 or 14 years old. She further testified that in January or February of 1976, defendant asked her to pose for some photographs. She at first refused, but when defendant later telephoned her at her parents' home, she replied, "no or I'll think about it." In March or April of 1976, defendant phoned again; this time he told Lois that she would not have to pose—someone else would do that—and that Lois would merely have to take pictures.

Lois agreed, and sometime during May of 1976, she met defendant at his pool hall. They drove in defendant's car to a diner where they picked up another girl, whom Lois had not seen previously. While the three of them drove in a "roundabout way" through the Homer area, they were "getting high" by smoking marihuana. They finally reached an apartment located in Homer, and in the bedroom, Lois took pornographic pictures of defendant and the other girl.

Lois testified that about a week later, defendant paid her $400 he had previously promised her if she took the pictures.

Lois subsequently left the Cortland area and went to Florida. Shortly after her return in February of 1977, she met the defendant and drove with him to Groton, Cortland County, where he delivered some pool tips. They ultimately made their way to the apartment in Homer where Lois had previously taken the pictures. They undressed, and the defendant took pornographic pictures of Lois on the bed. Lois testified that they then had intercourse. Defendant took more pictures of Lois, who in turn took pictures of him. Defendant explained to her that the $1,200 he had promised her would be shortly available. In March of 1977 Lois was picked up as a runaway and placed in a holding home in Homer. The Family Court subsequently placed her in the foster home of Mr. and Mrs. Finton, where she met Terri Reynolds who had been living with the Fintons since December of 1976. Defendant thereafter noticed Terri at the pool hall, and he asked Lois if she could persuade Terri to pose for pictures. Terri said she would think about it. However, Mrs. Finton "found out about it", and brought both Lois and Terri to the State Police.

On April 14, 1977, Investigators Allen and Tighe of the State Police met with Terri, Lois and Mrs. Finton. Terri was fitted with a concealed body-wire transmitter receiver. Observed by Allen and Tighe, the two girls on that date went to defendant's pool hall and engaged him in a conversation overheard by both Allen and Tighe and automatically tape-recorded. The recording was played before the jury. The prosecution contends that the tape recording of the April 14, 1977 conversation among Lois, Terri and defendant corroborates the testimony of Lois, Terri, Allen and Tighe as to their recollections of the substance of the conversation.

Defendant was acquitted on one count alleging obscenity and convicted of the remaining counts. The County Court set aside the jury's verdict with respect to the other obscenity count, and denied defendant's motion to do the same as to the other counts.

■ The primary issue presented by this appeal is whether the testimony of Lois as to the rape charge was adequately corroborated. The Penal Law provides that where a male 21 years old or older engages in sexual intercourse with a female less than 17 years old, he commits rape in the third degree, a class E felony (Penal Law, § 130.25, subd 2). The victim's lack of consent is an element of every offense defined in article 130, and a person less than 17 years old is deemed incapable of

consent (Penal Law, § 130.05, subds 1, 3). Section 130.16 of the Penal Law requires corroboration of the testimony of the victim, who is incapable of consenting due to age, to "(a) [e]stablish that an attempt was made to engage the alleged victim in sexual intercourse * * * and (b) [c]onnect the defendant with the commission of the offense or attempted offense." We conclude that the record in this case contains sufficient corroboration, by way of defendant's admissions, of Lois' uncontradicted testimony that defendant had intercourse with her in February of 1977. The testimony of Lois and Terri as to their recollection of the April 14, 1977 conversation with defendant, which was overheard and testified to by Investigator Allen, contains statements by defendant amounting to an admission of rape in the third degree. In essence, the testimony revealed that when Terri asked defendant whether she would have to have intercourse with him like Lois did, if she got involved with the pictures, defendant replied that he and Lois were both "stoned" and that it just happened—a "hit and run thing". Terri informed defendant that Lois was two months pregnant, to which he replied that he would never admit that he had intercourse with her, and defendant then discussed arrangements for an abortion—a "vacuum job"—at the Presidential Plaza in Syracuse. In our view, the statements of defendant unequivocally refer to intercourse between Lois and himself in February of 1977, and constitute adequate corroboration of Lois' testimony to support the rape conviction (see *People v Brown,* 66 AD2d 223, 225).

Next, we reject defendant's contention that section 130.16 of the Penal Law requires corroboration of the victim's age. Under section 2013 of the former Penal Law, corroboration of the victim's testimony was required to extend to every material fact essential to constitute the crime (see *People v Radunovic,* 21 NY2d 186) including the victim's age (see *People v Lammes,* 208 App Div 533). However, section 130.16 was enacted to modify these requirements (see Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, p 457), and, on its face, the section requires corroboration to establish only that an attempt to engage the victim in intercourse was made and connect the defendant with the offense. The section does not specifically require corroboration of the victim's age, and we, therefore, conclude that testimony by a victim as to her age is sufficient for the jury to conclude that she was in fact less than 17 years old at the time of the offense.

■ The second issue is whether the trial court properly admitted the tape of the April 14, 1977 conversation into evidence and permitted the jury to hear the recording. Tape recordings are generally admissible into evidence where the recording is sufficiently audible and distinct so that a jury need not speculate as to the contents thereof *(People v Gibson,* 23 NY2d 618, 620; *People v Mitchell,* 40 AD2d 117, 118; *People v Sacchitella,* 31 AD2d 180, 181). Ability of a stenographer to transcribe the tape is evidence of audibility *(People v Lubow,* 29 NY2d 58, 68) and here, the audibility of the recording was adequate to permit three transcripts to be made thereof. Our review of the tape recording persuades us to the view that the trial court properly concluded that the recording was intelligible and that the stenographer's transcriptions were accurate regarding the crucial portions of the conversation. Next, we reject defendant's contention that proper voice identification was not established. Both Lois and Terri testified to the April 14, 1977 conversation with defendant, and both authenticated their own voices. Furthermore, defendant's voice on the recording was identified by Investigator Allen and by Terri. Thus, the tape recording was properly before the jury.

■ Defendant's argument that the trial court improperly denied his request that the jury be instructed to consider only what defendant said on the tape and not what others said is without merit. The trial court clearly admonished the jury not to speculate as to answers it did not hear, and to consider only what it did hear. It also explained that defendant was to have the benefit of any reasonable doubt concerning what was heard. In our view, the jury could properly consider the questions and statements of Lois and Terri as well as the questions and statements of defendant in reply to determine whether defendant had in fact made admissions against his interest.

We have examined the other contentions of defendant and find them totally lacking in merit. The judgment should, therefore, be affirmed.

MAHONEY, P. J., STALEY, JR., and MIKOLL, JJ., concur.

Judgment affirmed.