■ PAUL E. KELLEY, Appellant, v. HEARST CORPORATION, Respondent.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ. [See *ante,* p. 610.]

### (May 17, 1957)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD PETER CASTILLO, Appellant.— Appeal from a judgment of conviction rendered in County Court, Otsego County. Appellant has been convicted of rape in the second degree. The main question on appeal is whether the proof of corroboration is competent. This proof rests on testimony of the appellant under a waiver of immunity in a voluntary appearance before the Grand Jury. Appellant in this testimony admitted the act of intercourse but showed extenuating circumstances. The record before the Grand Jury was taken in shorthand notes by the Grand Jury stenographer, who did not transcribe his notes and who died before the case was brought to trial. On the trial a transcription made by another stenographer familiar with the shorthand method used by the deceased stenographer was offered in evidence. The foundation for the receipt of this exhibit was the testimony of the stenographer who made the transcription that she was able to read the notes and transcribe them with reasonable accuracy and the testimony of the foreman of the Grand Jury who heard the testimony of the appellant before the Grand Jury and who swore that the transcript was an accurate record of defendant's testimony before the Grand Jury. Objection was made to the reception of the transcript on the ground that the proceeding before the Grand Jury was secret, but an order was entered by the court allowing the transcript to be read. The waiver of immunity signed by defendant on his appearance before the Grand Jury contemplated the utilization of this testimony in any later proceeding upon which it became material (Penal Law, § 2446). It was in the nature of a judicial admission against interest and a sufficient foundation as to its accuracy and reliability was laid by the testimony of the stenographer and the Grand Jury foreman. (Cf. *People* v. *Nisonoff,* 293 N. Y. 597; *People* v. *Kohlmeyer,* 284 N. Y. 366.) On review of the record we are of the opinion defendant had a fair trial. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur. Judgment of conviction affirmed.