■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN LOPEZ, Also Known as CHICO, Appellant.—Judgment, Supreme Court, New York County, rendered April 10, 1978, convicting defendant on jury verdict of criminal sale of a controlled substance in the first degree (former Penal Law, § 220.43) and criminal possession of a controlled substance in the first degree (former Penal Law, § 220.21) and sentencing him thereon to a term of 20 years to life imprisonment on each count, to run concurrently, is modified, as a matter of discretion in the interest of justice, to the extent that the judgment is reversed with respect to the sentences only and that the minimum periods of said sentences are reduced to 15 years, and the court imposes a sentence on each count to an indeterminate term of imprisonment of which the minimum shall be 15 years and the maximum shall be life imprisonment, and the judgment is otherwise affirmed. Defendant was 27 years old at the time of this crime. He had only one previous criminal involvement, possession of a gun in 1976 for which he received a conditional discharge and paid a $200 fine. The presentence probation report is not unfavorable, stating: "Without any other major discernible disabilities, the prognosis for future adjustment following incarceration herein would not appear to be totally pessimistic at this time." The crimes of which defendant was convicted are A-I felonies for which the mandatory maximum is life imprisonment and the mandatory minimum may vary between 15 years and 25 years imprisonment. The crime involved the sale of 14¼ oz. of heroin for $24,800. (More accurately what was involved were 16 plastic bags of powder weighing a total of 14¼ oz., with some heroin present in each bag. Obviously the heroin had been "cut", i.e., diluted, presumably to street quality.) The crime is extremely serious; and even the minimum punishment permitted by law is extremely severe. Indeed, a substantial segment of the legal community believes that these mandatory drug law sentences are too severe. We are not blind to the fact that it is unlikely that a narcotics transaction of this magnitude is defendant's first narcotics involvement. But even so, we do not think that the present case is so much more severe than the general run of other A-I narcotics felonies for which the Legislature has mandated such severe punishment as to justify a minimum sentence of 20 years rather than 15 years. After all, 15 years to life, w· :h a minimum of 15 years' imprisonment before the defendant can be considered for parole, is no light punishment. While there is of course a range of reasonableness within which we should not interfere with the sentence imposed by the trial court, the statute defining our powers provides (CPL 470.15, subd 2, par [c]): "(c) Upon a determination that a sentence imposed upon a valid conviction is illegal or unduly harsh or severe, the court may modify the judgment by reversing it with respect to the sentence and by

otherwise affirming it." Even under the prior statutes it was held that "the Appellate Division has complete jurisdiction to reduce the sentence imposed" within the statutory limits *(People v Speiser*, 277 NY 342, 344). On all the facts in this case, we determine that the sentence of 20 years to life imposed by the trial court was unduly harsh and severe. Accordingly, in the exercise of our powers "as a matter of discretion in the interest of justice" (CPL 470.15, subd 6, par [b]) we reduce the minimum portion of the sentences from 20 years to 15 years (see CPL 470.20, subd 6). Apart from the sentence, the conviction is affirmed. The evidence of guilt in this case was overwhelming, so that even if some portions of the cross-examination of defendant on his prior trial should not have been read, the error, if any, was harmless. We note, however, that before the prior testimony was read, the Trial Judge offered the defendant's attorney the opportunity to make separate objections to specific questions and answers, and defendant's attorney declined to do so. Except perhaps for specific questions, defendant's prior testimony was properly admissible. As to the contention that the charge of possession should have been dismissed in view of the conviction of sale: Both offenses being A-I felonies, neither offense is a "lesser" offense or "inclusory" offense, and thus it was discretionary for the Trial Judge to submit them both (CPL 300.40, subd 3, par [a]). Further, each crime contained an element not present in the other. Finally, as defendant was convicted of offenses under two sections of the Penal Law of both of which he was guilty, and the sentences are concurrent, no practical purpose would be served by dismissing one of them. Concur—Silverman, Bloom and Yesawich, JJ.

Ross and Markewich, JJ., dissent in part in a memorandum by Ross, J., as follows: Under the facts of this case, I cannot concur in the majority's determination to modify the minimum sentence previously imposed by the trial court. The majority dwells on the fact that the mandatory drug sentencing laws are too severe. This statement might have application to some, but certainly not to this defendant. Although my colleagues have categorized the drug transaction involved in this appeal as no more than a "general run of other A-I narcotics felonies", such a conclusion is unwarranted. This defendant was able to procure, in less than one hour, after notification by one telephone call, almost one pound of heroin for street distribution worth $24,800. During the course of consummating this sale, the undercover officers, in order to verify the accuracy of the reported weight of the contraband, inquired if anyone had a scale. Conveniently, defendant produced from his pocket such an instrument. Defendant also voluntarily admitted that the quality of these drugs was inferior. This knowledge did not stem from a casual dealing or lack of familiarity with the drugs. It highlights the level of defendant's dealings and indicates an awareness of the source of the drugs and a consciousness of their quality. Additionally, there was testimony at both trials* of defendant that he had been the supplier of narcotics to the undercover police officer's contact on at least four prior occasions. The conclusion is inescapable, at least to me, that this defendant was a major supplier of narcotics, capable of obtaining a large supply of drugs at any hour with minimal

---

* Defendant's first trial on the instant indictment ended when, after all the evidence had been presented, he was permitted to enter a plea of guilty to criminal sale of a controlled substance in the second degree. Thereafter the defendant's motion to withdraw the plea was granted and this trial followed.

notice. Under these facts the minimum sentence imposed could not be deemed too severe or harsh. It is obvious that the majority is ignoring the question of abuse of "discretion". They cannot, even under CPL 470.15 (subd 2, par [c]) because such a finding that a sentence is "unduly harsh or severe" indicates that the trial court did abuse its discretion. On this appeal I am not prepared to say that there was such an abuse. The often repeated refrain, that: "a determination as to what constitutes an appropriate sentence is a matter resting within the sound discretion of the trial court and the sentence imposed by that court should not be reduced on appeal unless there was a clear abuse of discretion" *(People v Junco,* 43 AD2d 266, 268, affd 35 NY2d 419, cert den 421 US 951) is squarely before us on this appeal. The record before us adequately demonstrates that the sentencing court acted well within its discretion in imposing this mandatory minimum. Thus, I cannot conclude that there was an abuse of the court's discretion so as to require our intervention. Accordingly, I would affirm the judgment of conviction in its entirety.