◼ The People of the State of New York, Respondent, v Louis Chimelis, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler J.), rendered March 24, 1988, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the proof of his guilt was entirely circumstantial and, therefore, the court committed reversible error in failing to give a circumstantial evidence

charge. Specifically, the defendant claims that his statements to law enforcement officials were admissions which constituted circumstantial evidence of guilt rather than a confession which constitute direct evidence of guilt. Initially, since the defendant did not request such a charge or object to the charge as given, he has failed to preserve the issue of law for this court's review (CPL 470.05 [2]; *People v Ford,* 66 NY2d 428, 441; *People v Morris,* 140 AD2d 551, 552). In any event, while the statements the defendant made to law enforcement officials did not constitute direct evidence of his culpability in the death of the victim, the prosecution's case rested on other direct evidence which was employed together with the circumstantial evidence to demonstrate the defendant's culpability. It is well settled that the "moral certainty" language or its reasonable equivalent need not be charged where there is both direct and circumstantial evidence establishing the defendant's guilt *(see, e.g., People v Johnson,* 65 NY2d 556, 561; *People v Barnes,* 50 NY2d 375, 380, *on remand* 77 AD2d 922; *People v Licitra,* 47 NY2d 554, 558-559). Moreover, the defendant's challenge to the testimony of certain of the People's witnesses involves issues of credibility which are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

In light of the circumstances of the crime and the defendant's prior history, we decline to disturb the sentence imposed by the court. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.