■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KING, Appellant.—

The trial court did not err in admitting into evidence on the People's direct case certain portions of the defendant's testimony given at a prior trial on the instant indictment *(see, People v Josan,* 104 AD2d 1051; *see also, United States v Grunewald,* 164 F Supp 644; *cf., People v Singleton,* 138 AD2d 544; *People v Castillo,* 3 AD2d 963). For the most part, that testimony constituted judicial admissions and was received into evidence pursuant to a long-standing exception to the hearsay rule *(see, People v Harris,* 148 AD2d 469; *People v Duncan,* 57 AD2d 638; *People v Corbo,* 17 AD2d 351, 354-355; Richardson, Evidence § 209 *et seq.* [Prince 10th ed]). To the extent that certain portions of the defendant's prior testimony did not technically qualify as admissions, the error, if any, in permitting the testimony to be read into the record must be deemed harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 241; *cf., People v Lopez,* 79 AD2d 531). Moreover, the additional testimony either concerned pedigree and employment information or was necessary for a complete understanding of the defendant's admissions.

The defendant next contends that the People's case was based solely on circumstantial evidence and, therefore, the trial court committed reversible error in failing to give a circumstantial evidence charge. Since the defendant did not request such a charge or object to the charge as given, he has

failed to preserve any issue of law with respect to his claim for appellate review (CPL 470.05 [2]; *People v Chimelis,* 156 AD2d 577; *People v Edwards,* 147 AD2d 586). In any event, the defendant's admissions that he engaged in a struggle with the victim over control and possession of the knife which caused the victim's death constituted direct evidence of many of the principal facts in issue *(see, People v Licitra,* 47 NY2d 554, 558-559; *People v Rumble,* 45 NY2d 879, 880; *People v Bolino,* 146 AD2d 790, 792; *People v Samuel,* 138 AD2d 543). Since the prosecutor's case relied on both direct and circumstantial evidence, the trial court did not err in failing to charge the "moral certainty" language or its reasonable equivalent by which purely circumstantial evidence cases are tested *(see, e.g., People v Johnson,* 65 NY2d 556, 561; *People v Barnes,* 50 NY2d 375, 380, *on remand* 77 AD2d 922; *People v Licitra, supra).*

We have considered the remaining contentions including the issue presented in the defendant's supplemental *pro se* brief and find them to be without merit. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.