■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BURGOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered March 28, 1989, convicting him of burglary in the third degree, criminal possession of stolen property in the fifth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the proof of his guilt was entirely circumstantial and, therefore, the court committed reversible error in failing to give a circumstantial evidence charge. Since the defendant did not request a circumstantial evidence charge or object to the charge as given, he has failed to preserve this issue for appellate review *(see* CPL 470.05 [2]; *People v King,* 158 AD2d 471, 471-472; *People v Chimelis,* 156 AD2d 577, 577-578). In any event, the testimony by the officers who responded to the scene of the crime constituted direct evidence of many of the principal facts in issue *(see, People v Licitra,* 47 NY2d 554, 558-559; *People v Rumble,* 45 NY2d 879, 880; *People v Bolino,* 146 AD2d 790, 792). Since the prosecutor's case relied on both direct and circumstantial evidence, the trial court did not err in failing to charge the "moral certainty" language or its equivalent by which purely circumstantial evidence cases are tested *(see, People v Johnson,* 65 NY2d 556, 561; *People v Barnes,* 50 NY2d 375, 380, *on remand* 77 AD2d 922; *People v Licitra, supra; People v Chimelis, supra; People v King, supra).*

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.