■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MICHAEL KING, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Charde, J.), rendered October 1, 1985, as amended October 24, 1985, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment, as amended, is affirmed.

The hearing court properly denied the defendant's motion to suppress the in-court identification of the defendant by a witness who testified that he observed the defendant carrying a television set as the defendant left the complainant's apartment. The witness also testified that he knew the defendant since 1962, when they lived on the same street, and further testified that he knew the defendant well enough to talk to him. Thus, the issue of suggestiveness was not relevant since the so-called photographic identification of the defendant by the witness was merely confirmatory *(see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543; *People v Fleming,* 109 AD2d 848).

Contrary to the defendant's further contention, a special charge on circumstantial evidence was not required since the prosecutor presented direct evidence of the defendant's guilt *(see, People v Ruiz,* 52 NY2d 929; *People v Gerard,* 50 NY2d 392; *People v Barnes,* 50 NY2d 375; *People v Burgos,* 170 AD2d 689).

The defendant's remaining contention is unpreserved for appellate review *(see,* CPL 470.05 [2]), and we decline to review

it in the exercise of our interest of justice jurisdiction. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.