■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

HENRY HALM, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered September 17, 1990, upon a verdict convicting defendant of the crimes of sodomy in the third degree (five counts) and endangering the welfare of a child (three counts).

These convictions stem from defendant's alleged showing of pornographic films in his home to four 15-year-old boys, masturbating before them, soliciting sex from them and engaging two of them in acts of sodomy. The People's evidence-in-chief consisted of the four boys' testimony and defendant's Grand Jury testimony wherein he claimed that the victims' testimony was coerced. After fully considering the issues raised by defendant on appeal, we affirm.

Unavailing is defendant's effort to have the indictment dismissed because he allegedly was not given a full and fair opportunity to testify before the Grand Jury. A defendant appearing before a Grand Jury must be "afforded an opportunity to give his version of events prior to being examined by the People" (People v Miller, 144 AD2d 94, 97). When that opportunity has not been conferred the indictment must be dismissed, provided the defendant has moved for such relief within five days of his arraignment, otherwise the indictment stands (see, CPL 190.50 [5] [c]; People v King, 170 AD2d 710, lv denied 77 NY2d 997). Here, defendant failed to move in a timely fashion, thus waiving any objection to the indictment. Moreover, even if he had objected within the required time frame, it does not appear that defendant was precluded in any way from making any explanatory statement he wished to the Grand Jury. Although the prosecutor did interrupt him to ask clarifying questions, defendant's direct statement to the Grand Jury did raise the issues of his accusers' credibility, police intimidation and a political agenda directed by others with the purpose of discrediting him; when repeatedly asked if he wished to speak further to the matter before the Grand Jury, he declined to do so (see, People v Millson, 93 AD2d 899; cf., People v Lerman, 116 AD2d 665, 666; People v Durante, 97 AD2d 851, 852).

Nor are we persuaded that the prosecutor's comments during summation prejudiced defendant to the extent that he was denied a fair trial. While the prosecutor's allusion to the victims as "Kids. Your kids. My kids. Our Kids. The youth of America", to their constitutional rights and to the need to protect those rights might better have been left unsaid, defendant has not shown that these remarks unfairly tainted the verdict. And, when the prosecutor adverted to defendant's

failure to testify, County Court promptly gave curative instructions *(cf., People v Brewer,* 94 AD2d 812, 813), which were also reiterated in the charge to the jury. We think it also worth noting that the prosecutor's rhetorical question asked of the jury, "Did [defendant] tell you that [he is not guilty] under oath?", was a fair response to defense counsel's representation to the jury that defendant's pretrial plea of not guilty was "the strongest evidence" and "testimony" in the case.

Defendant's remaining arguments are likewise without merit. As defendant executed a valid waiver of immunity after being fully informed that anything he said might be used against him later in a court of law, the People properly used his Grand Jury testimony in their case-in-chief *(see, People v Castillo,* 3 AD2d 963). Given that the indictment and arrest occurred almost three years after the alleged crimes were committed and that one of the victims was a troubled youth with a learning disorder and brain damage, the time frames set forth in counts 4 to 7 of the indictment respecting when the crimes occurred were reasonable *(see, People v Keindl,* 68 NY2d 410, 419).

Contrary to defendant's perception, County Court did not err in denying his motion for a severance. The crimes charged are "the same or similar in law" (CPL 200.20 [2] [c]), each victim testified about separate sexual encounters with defendant, an appropriate jury charge was given and the proof was not so confusing that the jury was unable to consider the evidence pertaining to each event separately *(see, People v Casiano,* 138 AD2d 892, 894, *lv denied* 72 NY2d 857) as manifested by the fact that the jury acquitted defendant of two counts of the indictment, sodomy in the first degree and sexual abuse in the third degree *(see, People v Streitferdt,* 169 AD2d 171, 176, *lv denied* 78 NY2d 1015). And as the testimony established that defendant showed X-rated, pornographic films depicting sexual intercourse and oral sex to three 15-year-old boys and masturbated in front of two of them, the proof is devastating that the crime of endangering the welfare of these children was committed *(see,* Penal Law § 260.10; *People v Bergerson,* 17 NY2d 398, 403-404).

Regarding Penal Law § 130.40 (2), we have no misgivings that setting the age of consent at 17 years is a rational way for New York to protect minors from the unpropitious consequences of sexual acts, even if consensual *(see, People v Dozier,* 72 AD2d 478, 479, *affd* 52 NY2d 781); hence the statute is constitutional *(supra,* at 480-481). Finally, inasmuch as the sentences imposed, consecutive prison terms of 1⅓ to 4 years

on each of the five sodomy counts and concurrent terms of one year on each count of endangering the welfare of a child, are within the statutory guidelines, we do not find them harsh and excessive in this case. In view of the fact that defendant was convicted of five separate counts of third degree sodomy for five distinct sexual acts occurring on five different days, County Court cannot be said to have acted imprudently in directing that these sentences be served consecutively *(see, People v Day,* 73 NY2d 208, 212).

Weiss, P. J., Levine and Mercure, JJ., concur.

Mikoll, J. (dissenting). I find defendant's contention of prosecutorial misconduct to have merit and, therefore, respectfully dissent.

Defendant claims that the prosecutor's reference in his summation to the victims as "Kids. Your kids. My kids. Our Kids. The youth of America" was inflammatory and not fair comment on the evidence. Defendant's objection to the comment was overruled. He urges also that the prosecutor's further reference to the constitutional rights of the victims and the need to protect those rights constituted inappropriate commentary. Finally, defendant objects to the prosecutor's comment on defendant's failure to testify which was followed by curative instructions by County Court.

I do not, contrary to the majority's assertion, deem the cited remarks to be fair response to defense counsel's summation *(see, People v Morgan,* 66 NY2d 255, *on remand* 116 AD2d 919, *cert denied* 476 US 1120; *People v Ashwal,* 39 NY2d 105). I conclude, too, that in overruling defense counsel's objection to the comments about "kids", County Court magnified the error. The ruling gave judicial approval to inappropriate commentary directed at inflaming the jury. The prosecutor's comments, made on several occasions, about protecting the civil rights of the children were also inappropriate and should not have been countenanced by the court. Most critical of all was the comment by the prosecutor about defendant's failure to testify, wherein he said: "Counsel has told you that his client has spoken. He is not guilty. I would point out to you what is evidence in this case? * * * Testimony under oath. Did he tell you that under oath?" The evidence of guilt here was not overwhelming. It was based on the testimony of four young, troubled youths and defendant's own Grand Jury testimony. The question of credibility was of great importance as no other evidence, physical or testimonial, had surfaced. The prosecutor's comments on defendant's failure to testify were

egregious. The curative instructions were insufficient to correct the prejudice accruing to defendant. Defendant was denied a fair trial. The judgment should be reversed and the matter remitted for retrial on five counts of third degree sodomy and three counts of endangering the welfare of a child.

Ordered that the judgment is affirmed.