■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST CLARK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered January 5, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant provided a videotaped statement in which he admitted beating his two-year-old daughter because she was "misbehaving" and then immersing her several times in a bathtub until the child became unresponsive. When the child did not awaken, the defendant further admitted that in an attempt to revive her, he took a pot of boiling water and poured it on her. An autopsy of the child revealed that the cause of her death was multiple contusions, scalding of the body surface, and laceration of the liver accompanied by internal hemorrhaging.

At the defendant's first trial, which ended in a mistrial, he took the stand and testified, *inter alia,* that his common-law wife, who was the child's mother, had been responsible for the child's injuries and that the child had been scalded when she

accidentally pulled over a pot of hot water. The defendant admitted, however, that he had been alone with his daughter when she was allegedly scalded by accident, that he had placed the child in the bathtub after the scalding to remedy the burns; that after removing the child from the bathtub, her eyes were closed and there was only a "faint heartbeat". Moreover, and despite the foregoing, the defendant conceded that he did not bring his daughter to the hospital until his common-law wife returned some hours later.

At this trial, and over defense counsel's objection, the prosecutor introduced the testimony the defendant had given at his first trial. The defendant, who did not testify at his second trial, contends, *inter alia,* that the court's admission of his former testimony constituted error. We disagree.

Inasmuch as the statutory prerequisites to the admission of the defendant's former testimony were satisfied, the testimony was properly received into evidence at his second trial (CPL 670.10 [1] [a]; *People v Arroyo,* 54 NY2d 567; *see also, People v Josan,* 104 AD2d 1051; *cf., People v Ayala,* 75 NY2d 422; *People v King,* 158 AD2d 471; *United States v Grunewald,* 164 F Supp 640, 643; *People v Muccia,* 139 AD2d 838, 839; *People v Sorenson,* 70 AD2d 892). Further, while the defendant characterizes his former testimony as wholly exculpatory in nature *(see, People v King, supra),* the record establishes otherwise, since his own testimony placed him home alone with his daughter when she was scalded and her heartbeat became faint, and further established that the child's mother, whom the defendant sought to implicate, returned home only later. In any event, assuming that the defendant's former testimony was wholly exculpatory as he claims on appeal, its admission into evidence under the circumstances presented could not have harmed him *(cf., People v Ayala, supra,* at 424; *People v King, supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Sullivan and Santucci, JJ., concur.