■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK CLARK, Appellant. [595 NYS2d 87] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered July 25, 1989, convicting him of attempted aggravated assault upon a police officer and

robbery in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

A hotel service desk clerk testified that during the robbery, she observed that the defendant, who was wearing a white vinyl jacket, was holding a shotgun, the barrel of which was approximately an arm's length. Her testimony further established that the defendant continued to possess the shotgun when he and his accomplice directed her into a small office behind the service desk area, as well as at the time when the defendant directed her to leave the office. The evidence indicates also that the first shotgun blast was fired shortly after she complied with the defendant's directive and exited the office. That first blast struck close to Sergeant Stephen Marello, who had responded to the hotel pursuant to a secret alarm activated by the hotel clerk, causing debris to fall onto his shoulder, and approximately eight inches away from his face.

At bar, there were minor inconsistencies in the testimony pertaining to whether or not the arm which displayed the shotgun prior to this first blast was that of the defendant. This issue was placed before the finder of fact, and resolved in favor of the prosecution. In any event, whether or not the defendant was the person who fired the first shotgun blast at the police officer, he was still criminally responsible for that blast, since he was clearly acting in concert with his cohort *(see, People v Allah,* 71 NY2d 830).

We further find that the imposition of consecutive sentences was proper *(see, People v Day,* 73 NY2d 208). The defendant's remaining contentions are either unpreserved for appellate review or meritless. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.