■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT G. CAVE, JR., Appellant. [595 NYS2d 791] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered June 1, 1990, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the proof of his guilt was wholly circumstantial and that, as a result, the court erred in failing to give a circumstantial evidence charge. This claim is unpreserved for appellate review because the defendant did not request a circumstantial evidence charge *(see,* CPL 470.05 [2]; *People v Burgos,* 170 AD2d 689). In any event, the defendant's claim is without merit. Since the People presented both

direct and circumstantial evidence of the defendant's guilt, "the trial court did not err in failing to charge the 'moral certainty' language or its equivalent by which purely circumstantial evidence cases are tested" *(People v Burgos, supra,* at 689; *see also, People v King,* 172 AD2d 562).

Viewing the evidence adduced at trial in a light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.