OPINION OF THE COURT
Donald J. Mark, J.
The defendant was charged with two counts of grand larceny, fourth degree, the first count for stealing a credit card, and the *694 second count for stealing from the person. He allegedly stole a purse containing the credit card from the shopping cart of the victim, as she was loading bags of groceries into the trunk of her automobile.[1] The defendant fled from the scene in a motor vehicle, the license number of which was traced to a woman, who testified in the Grand Jury that she was the defendant’s grandmother. Neither a subpoena nor a material witness order was sufficient to effect the grandmother’s presence at trial.
The prosecutor, to prove the connection between the car driven from the area of the crimes by the defendant and the defendant’s grandmother, produced the police sergeant who had ascertained the ownership of that vehicle. He testified, over objection, that the owner of that particular car admitted to him that she was the defendant’s grandmother.[2] This testimony was ruled admissible under the pedigree exception to the hearsay rule, not accepting the defendant’s argument that all the conditions for this exception were not satisfied.
The admission of evidence under the pedigree exception is a much more complicated matter than is generally understood (see, Young v Shulenberg, 165 NY 385 [hearsay evidence is admissible to prove family relationship whenever pedigree, which is the history of family lineage, is directly in issue]; People v Rodney, 85 NY2d 289 [a question about the defendant’s employment which is not investigatory and is reasonably related to administrative concerns falls within the scope of the pedigree exception]; People v Mondon, 129 Misc 2d 13 [a defendant’s address given in response to a police officer’s question during the arrest process is pedigree information, not pedigree, and is inadmissible under that exception]).
The treatises of Prince, Richardson on Evidence (§§ 8-903 — 8-907 [Farrell 11th ed 1995] and Fisch, New York Evidence §§ 974-979 [2d ed] [citing cases]) agree that as a foundation for the admission of a declaration under the pedigree exception, it must be demonstrated (1) that the declarant is dead or unavailable; (2) the declarant must be related by blood or affinity to the family affected by the declaration, and proof of the rela *695 -tionship must be accompanied by evidence extrinsic of the declaration; (3) the declaration must have been made before the controversy arose, at a time when there was no motive to distort the truth; and (4) the controversy must be genealogical, i.e., pedigree must be directly in issue and not merely an incidental question.
These factors will be considered seriatim.
(1) The defendant’s grandmother was unavailable
The defendant’s grandmother’s statement to the sergeant obviously does not meet the "death” requirement (Aalholm v People, 211 NY 406),[3] but it satisfactorily met the "unavailability” requirement (Young v Shulenberg, supra). There was ample proof of the diligent but unsuccessful efforts exerted by the police to locate this witness. There is apparently some uncertainty in this State as to which ingredient is necessary, because these two Court of Appeals decisions conflict. However, a later case, while recognizing this inconsistency, admitted the pedigree declaration of a living person who resided outside the jurisdiction (Matter of Strong, 168 Misc 716, affd 256 App Div 971), and both Richardson (op. cit., § 8-504) and Fisch (op. cit., § 978) regard this requirement as anachronistic.
Other exceptions to the hearsay rule require only that the declarant be unavailable (People v Brensic, 70 NY2d 9; People v Anderson, 153 AD2d 893, appeal denied 74 NY2d 894 [declaration against penal interest]; CPL 670.10; People v Geraci, 85 NY2d 359; People v Ortiz, 209 AD2d 332, appeal denied 86 NY2d 739; People v Ely, 164 AD2d 442, appeal denied 77 NY2d 905 [former testimony]; People v Brown, 80 NY2d 729 [present sense exception]). A recent Court of Appeals case allowed the present sense exception to apply, even though the witness was available to testify, and in fact, the witness did testify (People v Buie, 86 NY2d 501). It would seem that the proscription against the pedigree exception qualifying when the declarant is living is no longer in force.
Thus, this first condition has been satisfied.
(2) The declarant was related to the defendant
The owner of the car the defendant drove admitted to the police sergeant that she was the defendant’s grandmother, as required by the pedigree exception (see, Matter of Wendell, 146 Misc 260). The extrinsic proof of the relationship (see, Matter *696 of Whitcomb, 170 Misc 579) need only be slight (Young v Shulenberg, supra), and this was furnished by the evidence that the defendant was driving her car. Since another hearsay statement of the declarant also suffices to meet the requirement (Matter of Morris, 277 App Div 211), this was supplied by the proffered testimony of the sergeant that the grandmother told him she had loaned her vehicle to the defendant.[4]
Thus, the second condition has been satisfied.
(3) The declaration of the grandmother preceded the controversy
To be admissible, the declaration must have been made anti litem motam, i.e., at a time before the controversy arose, when there was no motive to distort the truth (Aalholm v People, supra). Here, the grandmother admitted her relationship to the defendant, before the defendant was arrested; in fact, it supplied a necessary link to establish probable cause for the defendant’s arrest.
Thus, this third condition has been satisfied.
(4) Pedigree of the defendant was not genealogically in issue but was nevertheless admissible
Richardson (op. cit., § 8-907) cites People v Lammes (208 App Div 533), for the theory that the pedigree exception requires that the controversy must be genealogical, i.e., pedigree must be directly in issue and not merely an incidental question.[5] Fisch (op. cit., § 974) cites no authority, but it opines dogmatically that this type of hearsay could never be admitted at a criminal trial. This assertion relied upon 5 Wigmore, Evidence (§ 1503 [3d ed]), which concluded that pedigree exceptions were only admitted in inheritance cases, where pedigree was directly in issue.
People v Lammes (supra) unequivocally supports this theory. In that statutory rape case the People attempted to corroborate the victim’s age by offering an affidavit made by the victim’s deceased mother on a school census form. The Appellate Division, Fourth Department, in a three-to-two decision,
_ *697 rejected this evidence, because "the question of pedigree was not necessarily involved in this case.” (Supra, at 535.) The dissent argued that this document was admissible under the pedigree exception, because the date of birth was a genealogical fact. The dissent was not concerned that the victim’s date of birth was not the genealogical fact in issue at the trial, stating "Certainly the weight of modern authority supports the rule favoring admission, when better evidence may not be obtained” (supra, at 536).
Although there is authority by implication to the contrary in People v Koerner (154 NY 355), this case has been ignored. In that case, the defendant defended a murder charge by claiming insanity, and he called his father to testify his great aunt had been insane. However, that witness’ testimony was struck, when it was ascertained that he had received this information from the family of the great aunt. The Court of Appeals held that the pedigree exception was inapplicable, because the great aunt was still living, her family was still living and insanity could not be proven by reputation in the family.[6] It was not the holding of that Court that the pedigree exception comes into play, only when genealogy is the ultimate, and not an incidental, issue.
A more recent appellate case at variance with this proposition is People v King (158 AD2d 471, appeal denied 76 NY2d 737). There, the defendant complained that the prosecutor erroneously was permitted to read the defendant’s testimony from his first trial, the majority of which was inadmissible hearsay and part of which constituted admissions. The prosecutor argued that all of the defendant’s testimony at the prior trial was admissible as admissions.[7]
[8]The Appellate Division, Second Department, found that although certain portions of the defendant’s testimony did not technically qualify as admissions, "the additional testimony concerned either pedigree[8] and employment information or was necessary for a complete understanding of the defendant’s admissions” (emphasis added). There was no mention of a genealogical issue.
Both the Model Code of Evidence, which has been deferred to by the Court of Appeals (People v Brown, 80 NY2d 729, supra; People v Edwards, 47 NY2d 493) pursuant to rule 524, *698 and the Federal Rules of Evidence, which likewise has been deferred to by the Court of Appeals (People v Buie, supra; People v Santana, 80 NY2d 92) pursuant to rule 804 (b) (4), impose no requirement relative to the pedigree exception that the trial involve solely a genealogical issue.
Based upon the dissent in People v Lammes (supra), the implied contraindication in People v Koerner (supra), the almost express approbation in People v King (supra), the Model Code of Evidence and the Federal Rules of Evidence, it should be permissible that the pedigree exception embrace an incidental issue.[9]
Thus, this fourth condition has been satisfied.
Accordingly, the testimony of the police sergeant that the registered owner of the motor vehicle admitted to him that she was the defendant’s grandmother was properly admitted into evidence under the pedigree exception to the hearsay rule.

. The second count of grand larceny, fourth degree, was reduced to petit larceny, because the purse was not stolen from the defendant’s person (People v Dotson, 46 AD2d 690).

. The proffered testimony that the grandmother told the sergeant that she had loaned her vehicle to the defendant a short time before the incident was ruled inadmissible as hearsay (see, People v Dixon, 214 AD2d 1010).

. This is not a criminal case despite its caption.

. The "extrinsic proof’ requirement, while inadvertently proved in this case, should probably be more vigorously enforced in inheritance cases (see, Aalholm, v People, 211 NY 406, supra).

. This is a difficult concept to accept, since this court has routinely applied the pedigree exception; in the past no objection upon this particular ground was ever interposed, until astute defense counsel did in this case.

. Fisch (op. cit, § 974) cites this case for this proposition.

. This information was extracted from the record on appeal.

. This decision did not concern pedigree information, which could be acceptable as admissions (People v Mondon, 129 Misc 2d 13, supra), because it distinguished pedigree from admissions.

. Where a matter of pedigree is of a less significant issue than in this case, the requirements of this exception should be waived in what People v Mondon (supra, at 19) categorizes as "a commonsense and efficacious approach.”