◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PARISI, Appellant. [833 NYS2d 129]—Appeal by the defendant from two judgments of the County Court, Suffolk County (Corso, J.), both rendered November 6, 2002, convicting him of assault in the second degree, menacing in the second degree, resisting arrest, and disorderly conduct under indictment No. 1051-01, and rape in the first degree, sodomy in the first degree, robbery in the third degree, and unauthorized use of a motor vehicle in the first degree under indictment number 1505-01, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded

great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdicts of guilt were not against the weight of the evidence (*see People v Romero, supra*).

Specifically with regard to indictment No. 1505-01, the defendant's contention that the evidence of his guilt was wholly circumstantial and that the trial court erred in failing to give a special circumstantial evidence charge is unpreserved for appellate review, as the defendant did not request a circumstantial evidence charge or object to the charge as given (*see* CPL 470.05 [2]; *see also People v Brown,* 209 AD2d 532, 532 [1994]; *People v Burgos,* 170 AD2d 689, 689 [1991]). We decline to reach the issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6] [a]).

The imposition of consecutive sentences was proper (*see People v Day,* 73 NY2d 208, 212 [1989]; *People v Brathwaite,* 63 NY2d 839, 843 [1984]; *People v Almeda,* 10 AD3d 367, 368 [2004]; *People v Clark,* 191 AD2d 576 [1993]). Furthermore, the sentences imposed were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur.