OPINION OF THE COURT
Steven M. Statsinger, J.
In a criminal contempt case, the identity of the complainant is an element of the offense. Defendant stands accused of criminal contempt because a police officer saw him speaking to a person that the officer has asserted was the protected party in three orders of protection entered against the defendant. However, the information does not explain either how the officer knew who this person was or how he knew that she was in fact the protected party.
In what appears to be a case of first impression, the court agrees with the defendant that these “conclusory allegations” as to the complainant’s identity render the information facially insufficient, and disagrees with the People that this case can somehow be salvaged through the “pedigree exception” to the hearsay rule. Defendant’s motion to dismiss is granted. However, since the defect might be curable, the court dismisses with leave to the People to supersede. Sealing is stayed for 30 days.
I. Factual Background
A. The Allegations
According to the accusatory instrument, on June 21, 2016, Police Officer Edward Montoya saw the defendant on a street in Upper Manhattan speaking to and yelling at “J.M.”* The Officer has asserted that J.M. is a protected party in three separate orders of protection that require the defendant, inter alia, to stay away from J.M.
B, Legal Proceedings
Defendant was arraigned on June 21, 2016 on a misdemeanor complaint charging him with three counts of criminal contempt *498 in the second degree, in violation of Penal Law § 215.50 (3). At the arraignment, the People filed and served the three underlying orders of protection, and the court released the defendant on his own recognizance. At the next court appearance, which took place on July 20, 2016, the court deemed the instrument an information.
Defendant filed the instant motion on August 31, 2016, and the People responded on September 13. The matter has been sub judice since then.
II. The Information
The information, sworn out by Police Officer Edward Montoya, provides that “I observed the defendant speaking to [J.M.] . . . while standing on the sidewalk [on Broadway between West 162 and West 163 Streets]. I further observed the defendant yelling at J.M.” The information identifies three separate orders of protection entered against the defendant, in which J.M. is the name of the protected party.
III. Discussion
The information here is facially insufficient because it does not allege a basis of knowledge either for the Police Officer’s assertion that the person with whom he observed defendant speaking was named J.M. or that this person was the same J.M. protected by the orders of protection.
A. Facial Sufficiency in General
A misdemeanor information serves the same role in a misdemeanor prosecution that an indictment serves in a felony prosecution: It ensures that a legally sufficient case can be made against the defendant. (People v Dumay, 23 NY3d 518 [2014]; People v Alejandro, 70 NY2d 133, 138-139 [1987].) Accordingly, a misdemeanor information must set forth “nonhear-say allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof.” (People v Kalin, 12 NY3d 225, 228-229 [2009], citing People v Henderson, 92 NY2d 677, 679 [1999], and CPL 100.40 [1] [c].) This is known as “the prima facie case requirement.” (Kalin, 12 NY3d at 229.)
The prima facie case requirement does not necessitate that the information allege facts that would prove defendant’s guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103, 115 [1986].) Rather, the information need only contain allegations of fact that “give an accused notice sufficient to prepare a *499 defense and are adequately detailed to prevent a defendant from being tried twice for the same offense.” (People v Casey, 95 NY2d 354, 360 [2000].) A court reviewing for facial insufficiency must subject the allegations in the information to a “fair and not overly restrictive or technical reading” (id.), assume that those allegations are true, and consider all reasonable inferences that may be drawn from them. (CPL 100.40, 100.15; People v Jackson, 18 NY3d 738 [2012]; see also Casey, 95 NY2d at 360.) Under this standard, the information here is facially insufficient.
B. The Information is Facially Insufficient
1. In a criminal contempt case, the identity of the complainant is an element of the offense.
Penal Law § 215.50 (3) requires the People to plead and prove the knowing and intentional disobedience of a lawful court order. (People v Inserra, 2 Misc 3d 21, 22 [App Term, 2d Dept, 2d & 11th Jud Dists 2003], revd on other grounds 4 NY3d 30 [2004].) Accordingly, proof that the complainant in a criminal contempt case is the person named in an order of protection is necessary for the People to establish that the defendant in fact disobeyed that order.
2. “Conclusory Allegations”
For an information to be facially sufficient, each element of the charged offense must be supported by “facts of an eviden-tiary character.” (CPL 100.15 [3].) The Court of Appeals has held repeatedly that “conclusory allegations” are not “facts of an evidentiary character.” Thus, for example, in People u Dumas (68 NY2d 729, 731 [1986]), an accusatory instrument was insufficient when it contained “a conclusory statement that the defendant sold marihuana, but [was not] supported by evidentiary facts showing the basis for the conclusion that the substance sold was actually marihuana.” In People v Dreyden (15 NY3d 100, 104 [2010]), the same was true for a “conclusory statement that an object recovered from a defendant is a gravity knife.” At a minimum, the accusatory instrument should have “explain [ed] briefly, with reference to [the deponent’s] training and experience, how he or she formed the belief that the object observed in defendant’s possession was a gravity knife.” (Id.; see also People v Lebron, 22 Misc 3d 217, 220-221 [Crim Ct, NY County 2008] [allegation that contraband was recovered from “the defendant’s apartment” was insufficient absent “eviden-tiary facts” that would support the conclusion that the defendant “owned or occupied” the apartment]; People v Taylor-Atkins, *500 42 Misc 3d 1214[A], 2014 NY Slip Op 50040[U], *4 [Crim Ct, NY County 2014] [same, where allegation was that police officer found marijuana in “defendant’s locker”].)
A fact of an “evidentiary character” is a “nonconclusory description] ] of what the deponent personally observed, heard or experienced.” (People v Concepcion, 36 Misc 3d 551 [Crim Ct, NY County 2012], citing Dumas.) It is “the written equivalent of competent and relevant testimony which the deponent could give orally if called as a witness.” (People v Phillipe, 142 Misc 2d 574, 578 [Crim Ct, Kings County 1989].) Thus, where the fact at issue is a conclusion that derives solely from another fact or facts that have not been alleged, that fact is a “conclusory allegation”—whether it be the claim that a substance is marijuana, or the claim that a knife is a prohibited gravity knife, or, in the rare case where this is at issue, a claim that an individual is the party protected by an order of protection.
By contrast, where the fact at issue can reasonably be determined from other facts alleged, it is not a “conclusory allegation.” Thus, for example, in People v Santos (46 Misc 3d 1217[A], 2015 NY Slip Op 50104[U] [Crim Ct, NY County 2015]), this court found that the allegation that drugs were recovered from the “defendant’s purse” was not a conclusory allegation. Rather, “[d]efendant’s ownership of the purse [was] a reasonable inference that derive [d] from other facts pled: defendant was present in the same room as the purse, and other items belonging to her were also in the room.” (Id. at *4.)
3. The identification of the complainant in the information is a conclusory allegation.
The court agrees with the defendant that the information here contains not one, but two, conclusory allegations. Neither the Officer’s belief that the person defendant was speaking to was “J.M.” nor his belief that this person was the same J.M. named in the orders of protection is supported by facts of an “evidentiary character.”
This court has found a conclusory allegation in a closely related context. In People v Diaz (48 Misc 3d 1208[A], 2015 NY Slip Op 51009[U] [Crim Ct, NY County 2015]), one of several similar cases relied on by the defendant, the court dismissed an information in a criminal contempt case because the unsupported allegation that the apartment in which the defendant was found was the apartment of the party protected by an order of protection was a conclusory allegation. “The bare *501 conclusion that the apartment in which the detective found the defendant was associated with [the complainant] is simply not enough.” (Id. at *3.)
The instant case, while relating to an assertion about a person’s identity and not the tenant of an apartment, presents precisely the same defect. In fact, it presents it in two different ways. Neither the Officer’s assertion that the person he saw the defendant speaking with was named J.M. nor his assertion that this J.M. was the same J.M. protected by the orders of protection is supported by any fact demonstrating the Officer’s basis of knowledge. The information is accordingly facially insufficient.
4. “Pedigree information” is not different.
The court is unpersuaded by the People’s effort to distinguish what they call “basic pedigree information” from the other types of facts that courts have found to be conclusorily—and hence insufficiently—pleaded. (Donato affirmation ¶ 5.) Implicit in the People’s argument that pedigree information should be treated differently from other facts is an argument that pedigree information is in fact different from other types of information.
And implicit in that argument is the notion that pedigree information is different because it is somehow more reliable than other types of information that the police generally obtain. The court strongly disagrees. To the contrary, it is extremely common for ordinary civilians to give false identifying information to the police. (See e.g. People v Ballard, 46 Misc 3d 145[A], 2015 NY Slip Op 50210[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] [affirming Sandoval ruling permitting defendant to be questioned about his use of an alias]; People v Nichol, 121 AD3d 1174 [3d Dept 2014] [same, for multiple aliases]; People v Diaz, 50 AD3d 919 [2d Dept 2008] [same].)
Indeed, giving false identifying information to the police is such a pervasive phenomenon that, in 1997, the legislature recognized the need to enact a criminal statute, false person-ation (Penal Law § 190.23), to address it. That section makes it a class B misdemeanor to misrepresent precisely the type of “pedigree information”—including one’s “actual name” or “date of birth”—at issue here. The purpose of section 190.23 is “to prevent the wasted time and effort spent searching for the real identity of persons who give false pedigree information to the police.” (Matter of Travis S., 96 NY2d 818, 819 [2001].) Clearly, then, in those rare instances where pedigree information *502 constitutes an element of an offense, there is no basis to treat it as more reliable than any other fact.
5. There is no “pedigree exception” here.
With that, the court can move on to the People’s specific argument, which is that “basic pedigree, such as a person’s name and identity falls under the pedigree exception to the hearsay rule,” a proposition for which the People cite People v Keller (168 Misc 2d 693 [Sup Ct, Monroe County 1996]) and People v Mondon (129 Misc 2d 13 [Sup Ct, NY County 1985]). (Donato affirmation ¶ 6.) Putting aside the fact that this argument goes more toward whether the accusatory instrument is a misdemeanor complaint, which can contain hearsay, or an information, which cannot—that distinction is not at issue here—the People’s argument simply does not hold up.
First, as Mondon itself makes clear, this argument confuses the “pedigree exception” to the hearsay rule with the “pedigree exception” to the Miranda rule. “Simply put, ‘pedigree’ as an exception to the hearsay rule is not ‘pedigree information’ and should not be confused as such.” (Mondon at 18.) Thus, as both Mondon and Keller make clear, the issue here has nothing at all to do with the “pedigree exception” to the hearsay rule. That rule relates to descent or lineage, and not identity. The party seeking to admit a declaration under this exception must establish the following: (1) the declarant is dead or unavailable; (2) the declarant was related by blood or affinity to the family affected by the declaration, and proof of the relationship must be accompanied by evidence extrinsic of the declaration; (3) the declaration must have been made before the controversy arose, at a time when there was no motive to distort the truth; and (4) the controversy must be genealogical; that is, pedigree must be directly in issue and not merely an incidental question. (Keller, 168 Misc 2d at 694-695, citing Jerome Prince, Richardson on Evidence §§ 8-903-8-907 [Farrell 11th ed 1995].)
It is accordingly obvious that the issue presented in this case has nothing at all to do with the “pedigree exception” to the hearsay rule. And it is equally obvious that, even if it did, the information does not allege facts that would satisfy that exception.
The People’s argument also fails because the assertion that the identification of J.M. is “pedigree information” itself assumes a fact that is not pleaded, which is that J.M. herself was the source of the identification; that is, that she identified herself to the deponent Officer. But the information does not *503 allege that. It is silent as to who told the Officer that the person the defendant was speaking with was J.M. Maybe the Officer became involved because he received a report from a third party directing him to this location and informing him that the defendant was speaking with J.M. Under this perfectly likely scenario, the identification of J.M. would have nothing at all to do with any “pedigree exception,” not even the exception to the Miranda rule.
Finally, even if the court were to accept the People’s “pedigree exception” argument and overlook the conclusory nature of the allegation that defendant’s interlocutor was indeed a person named J.M., there would still be a defect. The information contains no factual basis for the Officer’s assertion that this person, even if actually named J.M., was the same J.M. as that named in the orders of protection. (See United States v Jackson, 368 F3d 59, 64-65 [2d Cir 2004] [holding that certificate of conviction in name “Aaron Jackson” was not legally sufficient proof that the certificate related to defendant on trial, whose name was also Aaron Jackson and, at 71-73, collecting cases].)
In this regard, this case has much in common with those in which an information failed to sufficiently allege the defendant’s identity as the perpetrator. For example, in People v Garcia (48 Misc 3d 1204[A], 2015 NY Slip Op 50955[U], *2 [Crim Ct, NY County 2015]), this court dismissed an information that asserted that the defendant was the person who had placed a threatening telephone call but that contained no facts from which it could reasonably be inferred that the defendant was the caller:
“The allegation that defendant is the person who threatened the complainant over the telephone is clearly a ‘conclusory allegation,’ since it is utterly without any factual support. Defendant’s identity as the caller, if indeed he was, must therefore derive solely from some other fact that is not pled. Perhaps defendant identified himself in the call, or perhaps the complainant recognized defendant’s voice. But the issue remains shrouded in mystery, since no basis for the conclusion that defendant is the caller was pled.” (See also People v Shaw, 2002 NY Slip Op 40486[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2002] [same].)
The only real difference is that this case is one where the conclusory allegation relates to the complainant’s identity, *504 which, in criminal contempt cases, is an element of the offense, and not the defendant’s identity which is, in a sense, an element in every case. But ultimately, that difference is immaterial. Just as in the cases where the defendant’s identity has not been sufficiently pleaded, the information here is facially insufficient because it does not sufficiently plead the complainant’s identity.
6. The defect might be curable.
This is a case where there might be additional facts available to the People that, if properly pleaded, could cure the insufficiency. Accordingly, while the court is dismissing the information, it does so with leave to the People to supersede. Sealing is stayed for 30 days.
C. Conclusion
Because the information contains conclusory allegations both as to the identity of the person with whom defendant was seen speaking and as to whether that person was the person named as the protected party in the orders of protection, it is facially insufficient.
IV. Conclusion
For the foregoing reasons, defendant’s motion to dismiss for facial insufficiency is granted, with leave to the People to supersede. Sealing is stayed for 30 days.

 To protect her privacy, in case it is true that the person named in the misdemeanor complaint is the same person named in the orders of protection, the court will not name her.