People v Cryer (2024 NY Slip Op 50527(U))

[*1]

People v Cryer

2024 NY Slip Op 50527(U)

Decided on May 1, 2024

Criminal Court Of The City Of New York, New York County

Brown, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 1, 2024
Criminal Court of the City of New York, New York County

The People of the State of New York,

against
Lashondra Cryer, Defendant.

Docket No. CR-031536-23NY

Salma Guzman Avila, The Legal Aid Society
Assistant District Attorney Harriet Jiranek, New York County District Attorney's Office

Marva C. Brown, J.

Lashondra Cryer, herein after "defendant," is charged with Assault in the Third Degree, and various related charges. By Notice of Motion to Dismiss, dated March 12, 2024, defense counsel moves to dismiss the accusatory instrument for facial sufficiency pursuant to Criminal Procedure Law §§ 100.40 and 170.30. The People responded on March 25, 2024, and the defense replied on April 18, 2024. Upon review of the submissions, the Court file and relevant legal authority, the Defendant's motion to dismiss the accusatory instrument based on facial insufficiency is GRANTED. 
Furthermore, as there are 128 days chargeable to the People, the case is DISMISSED. The remaining motions are rendered moot. FACIAL SUFFICIENCY
An accusatory instrument must allege "facts of an evidentiary character supporting or tending to support the charges (CPL 100.15[3]). The factual allegations in the information, together with any supporting depositions which may accompany it, must provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of such instrument (CPL 100.40[1][b] and 100.40[4][b]). An information must contain nonhearsay factual allegations of an evidentiary character that "establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40[1][c]; People v Jones, 9 NY3d 259, 261-62 [2007]).
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite" to any criminal prosecution (People v Dreyden, 15 NY3d 100, 103 [2010]; People v Jackson, 18 NY3d 738, 741 [2012]; see also People v Alejandro, 70 NY2d 133, 135-36 [1987]). "An information is valid for jurisdictional purposes if it contains nonconclusory factual allegations that, if assumed to be true, address each element of the crime charged, thereby affording reasonable cause to believe that defendant committed that offense" (Jackson, 18 NY3d at 741, citing People v Konieczny, 2 NY3d 569, 575 [2004]; CPL 100.40[1][c]). "An information serves the same role in a misdemeanor prosecution as a grand jury indictment does in a felony case: it ensures that a legally sufficient case can be made against the defendant" (People v Dumay, 23 NY3d 518, 522 [2014], citing Alejandro, 70 NY2d at 138-139).
In evaluating the sufficiency of an accusatory instrument, courts should not look beyond [*2]its four corners (including supporting declarations appended thereto) (People v Hardy, 35 NY3d 466, 475 [2020], citing People v Thomas, 4 NY3d 143, 146 [2005]). "The standard 'for whether a flaw in an accusatory instrument is jurisdictional' is whether the instrument failed to give the defendant 'sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy'" (People v Hill, 38 NY3d 460, 463 [2022], quoting Dreyden, 15 NY3d at 103, citing Dumay, 23 NY3d at 524). "'Pleading errors involving omission of elements of the charged crime are fundamental. They impair a defendant's basic rights to fair notice sufficient to enable preparation of a defense and to prevent double jeopardy'" (id., citing People v Casey, 95 NY2d 354, 366 [2000]).
Here, the superseding accusatory instrument ("SSI") in the instant matter charges alleged conduct by the defendant on or about November 4, 2023, at about 7:00 p.m., in front of 343 West 44th Street. The accusatory instrument is sworn to by Police Officer Shen Chen of the Patrol Borough Manhattan South and states as follows: 
I am informed by Mr. Jeremy Edman, of an address known to the District Attorney's Office, that he observed the defendant push a white man on his mid to upper body with her hands, causing the defendant to fall to the ground. I am further informed by Mr. Edman that he observed the defendant on the ground bleeding from his head. (emphasis added)
I observed Mr. Daniel Hogan, of an address known to the District Attorney's Office, on the ground bleeding from his head. I further observed blood spatter on the sidewalk directly next to Mr. Hogan.
The People served and filed a signed supporting deposition from Jeremy Edman, but there are no other supporting depositions. 
A person is guilty of Assault in the Third Degree P.L. § 120.00[1], when with intent to cause physical injury to another person, he causes such injury to such person or to a third person. Here, there are no facts of an evidentiary character to support that the defendant caused physical injury to another person. As written, the only allegation concerning the defendant is that Mr. Edman observed the defendant push a white man on his mid to upper body, which according to this accusatory instrument, caused the defendant to fall to the ground and bleed. Pushing another person and then falling to the ground and then personally bleeding as a result does not constitute assault in the third degree. Rather than concede that this SSI was clearly improperly drafted, the People instead state that "[t]he superseding instrument alleges that eyewitness, Mr. Jeremy Edman, witnessed the defendant push a stranger on the ground, causing the man to fall and bleed from his head" (P.'s Response at p. 3) (emphasis added). When compared to the SSI, it is clear that this is a blatant misrepresentation of the language of the SSI, which (whether accurate of not) specifies that the defendant fell to the ground and was seen bleeding.
Furthermore, even if the factual allegations were to read as the People falsely claim them to be written, the accusatory instrument would remain facially insufficient. Absent additional facts or corroboration, there is nothing connecting the "white man" pushed by the defendant in the first paragraph, sworn to by Jeremy Edman, to the individual named Mr. Daniel Hogan in the second paragraph, sworn to by Officer Chen. The People explain in their response:
"[t]he eyewitness Jeremy Edman did not know the victim's name. Therefore, "man" is used when setting forth Jeremy Edman's observations. Officer Chen knew the man to be Mr. Daniel Hogan as the officers on scene retrieved the victim's license from the victim. [*3]Furthermore, the victim was being cooperative with officers on scene. Officer Chen knew the victim to be Daniel Hogan. Therefore, the name Daniel Hogan can be used when setting forth Officer Chen's observations" (P.'s Response at p. 3).
This explanation, which contains statements found nowhere in the accusatory instrument itself or its supporting declarations, most likely constitutes a reason for the poor drafting of this superseding accusatory instrument. However, this explanation does nothing to alter the factual portion of the complaint to allow this court to conclude that the defendant committed the alleged offenses without the use of conjecture and supposition (see Hardy, 35 NY3d at 475 [to the extent that errors exist in an accusatory instrument, "[i]t is the People's responsibility to obtain a sworn statement with the correct factual allegations and proceed on a superseding instrument"]). 

The People's explanation of how Officer Chen came to know the name of Mr. Daniel Hogan also highlights the fact that the officers' sworn statements "I observed Mr. Daniel Hogan...on the ground bleeding from his head," and "I further observed blood spatter on the sidewalk directly next to Mr. Hogan," are conclusory, and therefore, also fail to constitute "facts of an evidentiary character" to support the crimes charged. Absent a supporting declaration from Mr. Daniel Hogan attesting to the fact that he was the individual lying on the ground, this portion remains unconverted (see e.g. Dreyden, 15 NY3d at 104 ["A conclusory statement that an object recovered from a defendant is a gravity knife does not alone meet the reasonable cause requirement"]; People v Dumas, 68 NY2d 729, 731 [1986] [misdemeanor complaints found to be facially insufficient where "the complaint contains a conclusory statement that the defendant sold marihuana"]; People v Pandiello, 54 Misc 3d 496, 499—501 [Crim Ct, NY County 2016] ["Neither the officer's belief that the person defendant was speaking to was 'J.M.' nor his belief that this person was the same J.M. named in the order of protection is supported by facts of an 'evidentiary character'"]; People v Diaz, 48 Misc 3d 1208[A] [Crim Ct, NY County 2015] [the court dismissed an information in a criminal contempt case because the unsupported allegation that the apartment in which the defendant was found was the apartment of the party protected by an order of protection was a conclusory allegation]).
For these reasons, the accusatory instrument is facially insufficient.

 SPEEDY TRIAL CALCULATION
Pursuant to CPL 30.30[1][b], when a defendant is charged with a misdemeanor punishable by a sentence of more than three months, the prosecution must be ready within 90 days from the commencement of that criminal action. To satisfy the initial burden under CPL 30.30, the defendant need allege "only that the prosecution failed to declare readiness within the statutorily prescribed time period" (People v Luperon, 85 NY2d 71, 77-78 [1995]; see also People v Goode, 87 NY2d 1045, 1047 [1996]). Once the defendant has alleged that more than the statutorily prescribed time period has elapsed since the commencement of the action, the prosecution bears the burden of establishing sufficient excludable delay (see People v Berkowitz, 50 NY2d 333, 349 [1980]). Absent a facially sufficient accusatory instrument, a prosecutor cannot validly and effectually declare "readiness" for trial and thereby stop the speedy trial clock of CPL 30.30 (CPL 30.30[5-a]; see also People v Colon, 59 NY2d 921 [1983], rev'g for reasons stated at 110 Misc 2d 917, 919-920 [Crim Ct, NY County 1981] [ruling that the prosecution cannot be "ready" on an unconverted misdemeanor complaint]).
As discussed above, the People have yet to file a facially sufficient accusatory instrument. Therefore, they should be charged from November 5, 2023 — the day this case was [*4]filed — and March 12, 2024 — the day the defense filed their motion to dismiss. (128 days charged)
As more than 90 chargeable days have accrued, defense counsel's motion to dismiss is GRANTED. 
This constitutes the Decision and Order of this Court.
Dated: May 1, 2024
HON. MARVA C. BROWN, JCC